THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* FANNIE V. OAKS, defendant in error.

1. The act of 1869 repealing the 3d section of the act of 1856, providing that railroad companies should be liable to their officers, agents and employees, for injuries sustained by the negligence of other officers, agents and employees, did not repeal sections 2054 and 2980 of the old Code, (1863.) Nor are said two sections in violation of that clause of the constitution which prohibits the alteration of a general law affecting private rights by special legislation without the consent of those whose rights are affected.

2. It is not in violation of that clause of the constitution which requires civil suits to be tried in the county of the residence of the defendant, for the general assembly to prescribe by law that suits against railroad companies may be brought and tried in the county where the injury has been done, or where a contract has been made or is to be performed.

3. An action by a widow against a railroad company for the homicide of her husband by the running of its trains may, under section 3406 of the Code, be tried in the county where the killing was done, although such county is not that in which, by the charter, the principal place of business of the company is located.

4. It is not error in the judge, on the trial of an action by a widow against a railroad company for the homicide of her husband, who was an engineer on its train, to permit the "Northampton Tables of Mortality" to be put in evidence before the jury.

5. In a suit against a railroad company by a widow for the homicide of

her husband, when the declaration alleged a particular act of negligence on the part of the company as the cause of the homicide, it was error in the court to refuse to charge that proof of other acts of negligence will not authorize a recovery unless the jury be satisfied from the evidence that the negligence charged has been proven.

6. When it was charged in the declaration that the plaintiff's husband had been killed by reason of a defective switch on the railroad, and one of the defenses was that the deceased, who was the engineer running the train, was in fault, in that he was violating the rules of the company by running at a higher speed than he was directed, when passing a switch, it was error in the court to charge the jury, that if this increased speed was caused by the fault of other employees of the company, they should *find for the plaintiff.*

7. When a witness was asked if he had not, at a stated time and place, and to a named person, made statements contradictory of what he had testified to, and he denied having done so, it was error in the court, in rebuttal of proof that he had done so, to admit evidence that, to another person and at a different time, he had made statements in accord with his testimony.

Railroads. Constitutional law. Venue. Husband and wife. Damages. Evidence. Witness. Before Judge BARTLETT. Greene Superior Court. September Term, 1873.

Fannie V. Oaks brought case against the Georgia Railroad and Banking Company, a body corporate located in the county of Richmond, claiming $20,000 00 damages for the homicide of her husband. The declaration stated that on March 21st, 1871, William R. Oaks, the husband of the plaintiff, was in the employ of the defendant as an engineer, and in charge of a freight train running from the city of Atlanta to the city of Augusta; that as said train approached the station of Union Point, in the county of Greene, the engine and train were thrown off the track and said William R. Oaks instantly killed; that this result was caused by the carelessness of the defendant, in this, that the switch target was in its proper position, indicating to the engineer that all was right, when in fact the bolt which secured the connecting rod with the drag iron of the switch, was out, leaving nothing to prevent the slipping of the track when the engine and train mounted it; that plaintiff's husband was, at the time of his death, about

twenty-three years of age, and habitually contributed $80 00 per month towards her support; that she now has an infant child dependent upon her individual earnings.

The defendant pleaded not guilty. The evidence is unnecessary to an understanding of the opinion. The jury found for the plaintiff $6,583 00. The defendant moved in arrest of judgment upon the following grounds, to-wit:

1st. Because the superior court of Greene county had no jurisdiction to try said cause, said county not being alleged to be the residence of the defendant.

2d. Because, if the act of the legislature or sections of the Code making certain exceptions to the general rule that in civil suits defendants shall be sued in the counties of their residence, and allowing railroad companies to be sued by any person whose person or property has been injured by such railroad companies, in any county in which the cause of action originated, be not in conflict with clause 7th, section 12th, article v. of the constitution of Georgia, then the case at bar is not embraced in said exceptions.

The motion was overruled and the defendants excepted.

The defendant then moved for a new trial upon the following grounds to-wit:

1st. Because the court erred in overruling the demurrer to the plaintiff's declaration, on the ground that by the law of Georgia an employee of a railroad company cannot maintain an action against the company for injuries received whilst rendering the service for which he was employed, and his widow stands in the same position. And that if there be any statute conferring such right, it is repugnant to the 26th section of the 1st article of the constitution.

2d. Because the court erred in admitting in evidence the table as found on page 347 of Reese's Manual for Ordinaries, corresponding with the Northampton table, showing the value of an annuity of $1 00 at seven per cent on a single life, at any age from one year to ninety-four, inclusive, there being no evidence in the table itself or in any other form, that in the preparation of such table, the probable duration of the life of a person en-

gaged in the vocation of an engineer on a railroad, was estimated.

3d. Because the court erred in admitting in evidence the declarations of James M. Houghton, made two hours or more after the conversation testified to by Newton and Walker had been had, said declarations being offered and admitted to sustain him after he had been contradicted by said witnesses as to statements made by him soon after the accident by which Oaks lost his life.

4th. Because the court erred in charging the jury as follows: "If the jury believe from the evidence that the train was running more than four miles per hour, the speed prescribed by the rules of the company in passing a switch, and that plaintiff's husband was not to blame for its overspeed, but exercised proper diligence in trying to check the train and that he failed to check it in consequence of the railroad company's not having suitable brakes, or enough of them for so heavy a train, or in consequence of the fault of other employees of the company in not doing their duty, then the jury should fine for the plaintiff."

5th. Because the court erred in refusing to charge as follows: "Plaintiff must recover upon proof of the acts of negligence and carelessness set out in the declaration, and proof of any other act or acts of negligence or carelessness of the employees of the defendant will not authorize a recovery, unless the jury is satisfied from the evidence that the acts of negligence set forth in the declaration have been satisfactorily proven."

6th. Because the superior court of the county of Greene has no jurisdiction of this case, but the superior court of Richmond county, where the principal office of the defendant is located. (This point was not raised by plea or otherwise on the trial.)

7th. Because the court erred in overruling the motion in arrest of judgment.

A new trial was refused and the defendant excepted.

J. A. BILLUPS, for plaintiff in error.

REESE & REESE; M. W. LEWIS; C. HEARD, for defendant.

McCAY, Judge.

1. The Code was adopted as the law of the state upon the matters included in it, by the legislature, on the 19th of December, 1860, to take effect on the 1st of January, 1862, which date was afterwards changed to 1st January, 1863, when it became the law of the state. Subsequently, by the convention of 1865, and again by the convention of 1868, it was ratified and made the law of the state, (subject to alteration by the general assembly,) and it was declared, in effect, to supersede all previous legislation inconsistent with it. The result is, that any legislation previously to the Code, in harmony with it, or inconsistent with it, was no longer the law of the state, and the repeal of the third section of the act of 1856 could have no effect, save to repeal any portion of that section not inconsistent or identical with the provisions of the Code on the same subject. Whether there was anything in that section not superseded by the Code it is not necessary now to inquire; suffice it that it left the Code as it found it—the law of the land—and if the defendant in error had any right of action under the Code, she has it still, notwithstanding the act of 1869. Nor is there, in our judgment, anything in sections 2082, 2202 and 3036 obnoxious to the 26th section of the bill of rights of the constitution of 1868, prohibiting special legislation, etc. These sections cover a large class of our people—they relate to persons engaged in a peculiar and dangerous occupation, standing in peculiar relations to the principal, their fellow employees, and to the public. The legislation does not relate to the railroad companies, because they are such, but because of the peculiar and special nature of their business. The law, for this reason, give them special privileges—they are specially protected from trespassers—their employees are exempted from various public duties, etc., etc. It might, with just as much force, be said that laws as

The Georgia Railroad and Banking Company *vs.* Oaks.

to carriers, brokers, warehousemen, mechanics, laborers, etc., etc., vary the general laws by special legislation. The law is general, it applies to all railroad companies, and to all employees engaged in running trains.

2. We do not care to go over the elaborate argument of Judge BENNING in the case of *Davis & Redding vs. The Central Railroad Company,* 17 *Georgia,* 336. That was an unanimous decision of this court in the conformity of these laws to the constitution requiring suits to be tried in the county of the residence of the defendant. The argument is full, exhaustive, and in our judgment, conclusive. The position it takes has ever since been acted on as the law of this state, and we approve of and adopt it.

3. Whilst the case of a widow suing for the homicide of her husband does not come within the express letter of section 3426 of the Code, since the injury is not to *her* person or property, yet we are clear that it is within the spirit of the law. The object and intent of the law evidently is to have the case tried where the fact transpired—where the witnesses reside. This is better for both parties, and insures a more complete investigation. Neither party is at any disadvantage. The railroad company has its agents and employees on the spot, and the plaintiff, often—nay, generally, a stranger there—also has no special advantage, save convenient access to those acquainted with the facts. Under the view taken of the locality or residence of every railroad company by this court in the case of *Davis & Redding,* before referred to, the question of the location of suits against it is exclusively of legislative discretion, and there is nothing in the nature of the case placing the locality in the county where its principal office of business is situated. Hence as the case of the suit of a widow for the homicide of her husband comes, as we have said, clearly within the spirit of section 3426, we are of the opinion this action was properly brought in the county of Greene.

4. The Northampton tables are notoriously an accurate and comprehensive compilation of facts as to the probabilities of life, acted upon by courts and insurance companies, for many

years, and they have acquired as stable and sure a reputation as it is possible for such a compilation to do. They stand like an almanac, and we think may properly go to a jury, like any other work or book of known reputation, to establish a scientific proposition; as the American almanac for the time of high water, or change of moon, or other well known books for facts in nature not ordinarily known.

5. Our law requires a plaintiff plainly and distinctly to set forth his cause of action. And if one bring a suit based on one set of facts, it is obviously unfair to permit him to recover on another dropped out incidentally, and perhaps by way of defense. The right to amend is very broad, and if parties desire to modify their cases, it is unfair to do so in a speech to the jury. Here was a definite act of negligence stated and relied on in the declaration. That other acts bearing that designation dropped out in the proof, did not make out the case, and the court should have charged as requested.

6. The error in this charge was, that it put the case wholly on the question as to who was at fault for the speed with which the cars approached the switch. Leaving out of view altogether the other question whether the defendant below was at fault as to the switch, the jury were told to find for the plaintiff, if the increased speed was the fault of other employees than the plaintiff's husband.

7. What the witness may have said to others, and at other times and places, was not the question, nor did it illustrate at all what he said at the particular time and place specified. We think this evidence was not pertinent, calculated to mislead the jury, and that there was error in admitting it, especially as the credibility of this witness was a material question in the case. On the whole, we think there ought to be a new trial.

Judgment reversed.