## ALBURTA D. SWEET vs. PROVIDENCE AND SPRINGFIELD RAILROAD COMPANY.

PROVIDENCE—OCTOBER 17, 1890.

The question of contributory negligence is properly left to the jury in connection with all the circumstances shown by the testimony in a given case.

The Carlisle Life Tables may be properly admitted in evidence as affecting the measure of damages in an action for the loss of life caused by the alleged negligence of a defendant.

This was an action brought by the plaintiff, under Pub. Stat. R. I. cap. 204, § 20,[1] to recover damages caused by the

---

[1] "SEC. 20.  In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of the husband, widow, children, or next of kin."

50

death of his infant son through the alleged wrongful act and negligence of the defendant corporation. The child was six and a half years of age, and was killed by being struck by a train of cars on the defendant's road while crossing a railroad bridge. The plaintiff recovered a verdict for $2,500, whereupon the defendant petitioned for a new trial on the grounds: (1) That the verdict was against the evidence and the weight thereof; (2) That the damages were excessive; (3) Because the Carlisle Life Tables were admitted in evidence at the trial of the case.

PER CURIAM. We think the circumstances of the accident, which resulted in the death of the plaintiff's infant intestate, are such that the question of contributory negligence was properly left to the jury. 2 Wood on Railway Law, § 320; Patterson's Railway Accident Law, pp. 51, 54, 55, 197. We are not satisfied that the verdict of the jury ought to be set aside.

We think the court did not err in allowing the introduction of the Carlisle Life Tables. *Schell* v. *Plumb*, 55 N. Y. 592; *Sauter* v. *N. Y. C. & H. R. R. Co.*, 66 N. Y. 50; *Rowley* v. *London & N. W. Railway*, L. R. 8 Exchq. 221; *Georgia R. R. Co., &c.*, v. *Oaks*, 52 Ga. 410. New trial denied and petition dismissed with costs.

*Ezra K. Parker*, for plaintiff.
*James M. Ripley*, for defendant.