KNIGHT *v.* THE STATE.

1. A conversation between a husband and wife, though intended to be confidential, may, whenever relevant, be proved by one who overheard it; and it is relevant in a trial for murder when it discloses that the wife charged the husband with having committed the homicide and that he made a reply which could reasonably be construed as an admission that he did the killing.
2. If the admissibility of testimony as to the making of a given declaration depends upon whether or not it was heard by a party to the case on trial, and this, under the evidence, is a matter of doubt, it is not erroneous to allow proof of the declaration and instruct the jury to disregard it if they believe the party did not hear it. Aside from what is said above, the declaration here referred to was apparently admissible as a part of the res gestæ.
3. A witness sought to be impeached by proof of contradictory statements can not be supported by proof that he made elsewhere other statements in harmony with his testimony on the stand.
4. Though in a given case it may not be appropriate to charge upon the law of alibi, so doing is not cause for a new trial when it appears that the accused was not thereby injured.
5. It is proper not to charge upon the law of confessions when there is no proof that a confession was made.
6. Failure by the judge to apply a rule of evidence to the testimony of a particular witness is not, in the absence of a request so to do, erroneous.
7. There was, in the present case, nothing calling for a charge upon the law of manslaughter.
8. A judge should not, in charging upon the prisoner's statement, say to the jury, "that statement is in no sense binding on you"; but the use of this expression will not be treated as cause for a new trial, when the charge on this subject is in other respects full, clear, and accurate, and it is manifest that

the jury correctly apprehended what were, under the statute, their right and duty with respect to the statement.

9. There was ample evidence to warrant the verdict; and the grounds of the motion for a new trial predicated on newly discovered evidence do not, under the established rules, authorize the granting of another hearing.

Argued October 21,—Decided November 6, 1901.

Indictment for murder. Before Judge Harris. Meriwether superior court. February term, 1901.

*W. S. Howell, Allen & Tisinger,* and *McLaughlin & Jones,* for plaintiff in error. *J. M. Terrell, attorney-general, T. A. Atkinson, solicitor-general,* and *J. R. Terrell,* contra.

LUMPKIN, P. J. The plaintiff in error was convicted of the murder of Sol. Owens, made a motion for a new trial, and excepted to the overruling thereof. It was insisted in behalf of the accused that the killing, which was done with a pistol, was not his act but that of one Alex. Finley.

1. The court admitted, over the objection of counsel for the accused, the testimony of certain witnesses to the effect that the wife of the accused said to him, shortly after the killing, "You have shot big Bud" (meaning the deceased), to which he replied, "He wasn't hurt much." This testimony was objected to on the ground that it related to a confidential communication between husband and wife, and that her sayings were not admissible against him. It is true that the Civil Code, § 5198, declares: "There are certain admissions and communications excluded from public policy," and, among them, "communications between husband and wife." But the meaning of this provision simply is that neither of the married pair will be permitted to testify as a witness concerning such communications, or to furnish to another, for the purpose of being introduced in evidence, writings of any kind received under the seal of confidence during coverture. This section of our code was not intended to forbid one who overhears a conversation between husband and wife from testifying with respect to the same. If they are unsuccessful in keeping secret that which they intend each other shall so regard, the mere fact that they did so intend will not render incompetent the testimony of an outsider. See, in this connection, 19 Am. & Eng. Enc. Law, 154; 1 Whart. Ev. (3d ed.) § 427; 1 Gr. Ev. (16th ed.) § 254, p. 392. The wife was not, in

4

the present instance, competent to testify for or against her husband. Penal Code, § 1011, par. 4.    But an admission of an incriminating nature made by the husband to and in the presence of the wife, in response to something said by her to him, was certainly relevant, and any stranger who overheard the conversation was competent to testify in regard thereto.    She charged him with the commission of the homicide ; and his reply, "He wasn't hurt much," is susceptible of the construction that he practically admitted the shooting. What she said was clearly relevant, as tending to explain the meaning of his response thereto.

2. Error is assigned upon the refusal of the court to rule out the testimony of a witness that, "immediately after the pistol fired, Sol. Owens asked, 'Who in the hell was that shot me?' and Will Strahan spoke and says that it was Enos Knight shot."    A review of all the evidence in the case leaves it uncertain whether the remark of Strahan was or was not made in the hearing of the accused, though the jury might properly have inferred that he heard it.    With regard to this matter the court instructed the jury that unless they believed the accused did hear what Strahan said, they should not consider the testimony above mentioned.    We can not, therefore, see that any injury to the accused resulted; and moreover, the exclamation of Strahan was, apparently, admissible as a part of the res gestæ of the homicide.

3. During the progress of the trial the State undertook to discredit the testimony of one Lee Dixon by showing that he had made statements contradictory to what he testified to on the stand. The defense sought to support this witness by proof that he had made statements elsewhere which were in harmony with his testimony. The court was clearly right in refusing to allow this to be done.

4. A correct charge on the law of alibi was given by the judge. The complaint is made, however, that there was no evidence calling for such a charge, and that the accused did not set up alibi as one of his defenses.    The record discloses that there was some testimony tending to show that at the time the fatal shot was fired, the accused was twenty-five or more yards distant from the exact spot where the shooting took place.    This was, we think, hardly sufficient to warrant a charge on the subject of alibi, but we fail to perceive how the giving of the instruction complained of could have operated to the prejudice of the accused. . The main and con-

trolling issue in the case was whether or not he or Alex. Finley fired the fatal shot. At least four witnesses testified positively that the shooting was done by the accused, and a number of witnesses introduced in his behalf testified it was done by Finley. The jury evidently believed the witnesses for the State, and we have no reason to fear that in reaching this conclusion the jury was misled or improperly influenced by the charge of the court upon the law of alibi.

5. Error is assigned upon the failure of the court to charge as follows: "All admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession uncorroborated by other evidence will not justify a conviction." There was no evidence of any confession; none, indeed, of an incriminating admission, save the reply of the accused to the charge made against him by his wife, commented upon above. If, therefore, the judge had given such a charge as that quoted, he would have committed grave error, and doubtless counsel for the plaintiff in error would be here complaining of the same.

6. The brief of evidence discloses that the accused made an effort to impeach certain witnesses testifying against him, and that the State offered testimony with a view to discrediting other witnesses introduced in his behalf. The presiding judge, in his charge to the jury, correctly stated to them the law with reference to the impeachment of witnesses. Complaint is made that the court did not, of its own motion, go further and expressly caution the jury not to consider evidence introduced by the State to impeach one William Dixon, a witness for the accused, for any purpose other than to determine "what credit his evidence was entitled to." A similar complaint is made with reference to the failure of the court to charge concerning certain evidence offered on the part of the State to impeach another witness testifying in behalf of the accused. Clearly, it was not incumbent upon the court, in the absence of a special request, to undertake to apply to the testimony going to the discredit of these particular witnesses the rules of law which had been given with reference to the impeachment of witnesses generally. Doubtless, if a request so to do had been presented, it would have received proper attention.

7. It is further insisted that "the court erred in not charging the law of voluntary manslaughter and the different grades of manslaughter." A careful examination of the brief of evidence dis-

closes that the person who actually committed the homicide was guilty of no less a crime than that of murder.    Indeed, there was in proof not the slightest circumstance upon which a jury could properly base a finding of manslaughter, voluntary or involuntary.

8. Exception is taken to the following charge of the court: "The defendant denies in this case that he killed Sol. Owens.    In support, gentlemen, of his defense, he has submitted to you, under the permission of the law, a statement which is not under oath, and that statement is in no sense binding upon you.    The law declares you may deal with his statement as you, the jury, see proper, as you think right.    You are authorized, gentlemen, to believe the entire statement of the defendant, if you think it is right; or, on the other hand, you are authorized to totally disbelieve every word of it, if you think that is right.    You may believe one part of his statement and disbelieve the other part, if you think that is the right way to deal with it; and you may believe the statement of the defendant in preference to the sworn testimony, if you think that is right."    One expression only in this charge is alleged to be erroneous, to wit: " that statement is in no sense binding upon you." While we do not think this expression should have been used, we can not agree with counsel that its effect was to "practically withdraw from the jury the consideration" of the prisoner's statement. Evidently, the judge only meant, and the jury must have understood, that this statement was not binding upon them in the sense that they were obliged to base their finding upon it.    They were distinctly informed that they were at liberty to believe the whole or any part of it, if they saw proper, "in preference to the sworn testimony ;" and we entertain no doubt that they fully understood how they were authorized by law to regard it.    Nevertheless, we take this occasion to repeat that it would be better practice if our brethren of the trial bench, in charging upon this subject, would confine themselves to the language of the statute with reference thereto.

9.    We have dealt with all of the grounds of the motion for a new trial which are verified by the judge's certificate, save only the general grounds and certain others predicated upon newly discovered evidence.    In view of the fact, mentioned above, that at least four witnesses testified they saw the accused fire the fatal shot, the conclusion reached by the jury that he was the person who com-

mitted the homicide was fully supported by evidence ; and, as has been said, the circumstances under which the killing was done made the crime one of murder. The newly discovered evidence related exclusively to the impeachment of witnesses ; and, moreover, was met by an amply satisfactory counter showing. On the whole, we find, after a careful study of the case, no cause for setting aside the judgment denying the accused a new trial.

<em>Judgment affirmed.    All the Justices concurring.</em>