## 46462. ABERCROMBIE v. THE STATE.

PANNELL, Judge. The defendant was indicted and charged "with the offense of: Theft by taking for that said accused, in the County of Clayton and State of Georgia, on the 31st day of August, 1970, being in lawful possession of certain property, to wit: Money in the amount of $130.81, of the value of $130.81, of the property of the government and citizens of Clayton County, Georgia, did intentionally, wrongfully, feloniously and unlawfully appropriate said property with the intention of depriving said owner of said property, for on the 25 day of July, 1970, the said Sharon S. Abercrombie, within a certain shop and place of business known as Lee Roi, located within a hotel known as the Regency Hyatt House, located in Atlanta, Georgia, did charge and purchase on credit a certain black lace negligee and a pair of women's black bikini panties for a total price of $130.81, and then subsequently on the 31st day of August, 1970, in Clayton County, Georgia, did intentionally and unlawfully use $130.81, of said County's funds, in his possession and under his control, to pay the cost of said black lace negligee and women's black bikini panties, said black lace negligee and women's black bikini panties

not having been purchased by the said Sharon S. Abercrombie, for any County and governmental purpose whatsoever, contrary to the laws of said State, the good order, peace and dignity thereof." To this indictment the defendant filed his general demurrer on the ground that the indictment showed lack of venue in Clayton County, Georgia, of the offense charged, and filed his motion to quash, and plea in abatement, setting forth that the defendant is Chairman of the County Commissioners of Clayton County, Georgia, and that the theft allegedly having occurred by a species of malpractice in office, he was entitled to the benefits of Code § 89-9908, under which he contends he was authorized to appear before the grand jury rendering the indictment, etc., as provided in said section. The trial judge overruled the demurrer, motion and plea in abatement, and the defendant appealed to this court. *Held:*

1. The indictment sufficiently alleged the venue of the crime in Clayton County, Georgia.

2. Where a county officer is indicted for a crime, but not specifically the crime of malpractice in office under Code § 89-9907, and the crime charged does not by its statutory definition include an act of malfeasance or malpractice in office as a necessary ingredient thereof, such public officer is not entitled to the privileges of Code § 89-9908 (see Ga. L. 1967, pp. 858, 859). Under these circumstances, the fact that the indictment alleges, or in proving the crime charged the proof would show, that in committing the crime charged the defendant committed an act which would constitute malpractice in office would not make the indictment one so charging him under Code § 89-9908. See *Cargile v. State,* 194 Ga. 20 (2) (20 SE2d 416); *Cadle v. State,* 101 Ga. App. 175 (2, 3) (113 SE2d 180); *Clinkscales v. State,* 102 Ga. App. 670 (2) (117 SE2d 229).

3. Accordingly, the trial court did not err in overruling the demurrer to the indictment, the motion to quash the indictment and denying the plea in abatement.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 7, 1971—DECIDED JANUARY 10, 1972—
REHEARING DENIED FEBRUARY 1, 1972—

*Albert B. Wallace,* for appellant.
*H. Eugene Brown, District Attorney,* for appellee.