## 52172. POPHAM v. THE STATE.

STOLZ, Judge.

At all times pertinent, the defendant was the Chairman of the Board of Commissioners of Roads and Revenue of Ware County. He and others were indicted for theft by taking varying quantities of pine timber and pulpwood from different specified areas of property belonging to "the Government and citizens of Ware County, Georgia."

The charges of the different indictments are as follows: No. 5218 — charged the appellant and Willie Leapheart with theft by taking, on February 26, 1975, of 123 cords from lands in Land Lot 123; No. 5219 — charged the appellant, Wilbur N. Carter, and James W. Hickox (a caretaker of the airport property) with theft by taking, on October 4, 1974, of 12.06 cords from Land Lots 78 and 107; No. 5220 — charged the appellant and Carter with theft by taking, on September 3, 1974, of 130.4 cords from Land Lot 152; and No. 5221 — charged the appellant, Hickox, and Leapheart with theft by taking, on February 26, 1975, of 233.64 cords from Land Lots 78 and 107. At the state's election, defendant Leapheart was brought to trial on indictments No. 5218 and 5221 and acquitted by the jury. The state next elected to bring to trial defendant

Hickox on indictment No. 5221, and he was found guilty by the jury. Next was the trial of the appellant on indictment No. 5220, and he was acquitted by the jury on August 30, 1975. Then the appellant was brought to trial on indictment No. 5218 in October, 1975, and his conviction upon the latter trial led to this appeal.

1. Enumerations of error 1 through 7 relate to the admissibility of certain evidence.

At the trial, Wilbur N. Carter, a co-defendant in indictments No. 5219 and 5220, was called as a witness for the state, and testified to facts which implicated the defendant-appellant in the offense charged in indictment No. 5219. Prior to trial, witness Carter had made an oral statement to Captain J. E. Murrhee, the prosecutor, which had been tape recorded. A typewritten transcript of the tape-recorded statement had been prepared and was in possession of the defendant's counsel. The witness' March 7, 1975 statement and his testimony at trial contain material differences.

The witness' response to the defendant's counsel's cross examination can be summarized as "I don't recall that." Subsequent to the cross examination, over the objection of the defendant's counsel, the witness was permitted to testify that he had made prior statements to Captain Murrhee which were consistent with his testimony at trial. This was error. "A witness sought to be impeached by proof of contradictory statements can not be supported by proof that he made elsewhere other statements consistent with his testimony on the stand." *Cook v. State,* 124 Ga. 653 (1) (53 SE 104); *Georgia R. &c. Co. v. Oaks,* 52 Ga. 410 (7); *Fussell v. State,* 93 Ga. 450 (21 SE 97); *Knight v. State,* 114 Ga. 48 (3) (39 SE 928); *Atlanta, K. & N. R. Co. v. Strickland,* 116 Ga. 439 (42 SE 864). Thus it was also error to allow the jury to hear the tape recordings which contained statements which were consistent with the witness' trial testimony and to overrule the defendant's subsequent motion for mistrial.

2. Prior to trial, the defendant's counsel moved the court, in writing, to require the state to disclose to the defendant any and all evidence favorable to the defendant. Among other matters specifically requested was "(h) any oral, recorded or written statement of any

witness having knowledge, or purporting to have knowledge, of facts material to matters charged in this indictment."

The state announced its intention to turn its entire file over to the court for an in camera examination to determine if material favorable to the defendant was contained therein. The judge, in ruling on the motion, stated that he would disclose to the defendant any material examined by him which he found favorable to the defendant. The judge denied that part of the defendant's motion "that a copy of such material examined by the court be filed and sealed for possible appellate review." In the course of the trial, the defendant's counsel became aware that the state had tape recorded statements of twenty-two persons. The state did not deny the existence of the tape-recorded statements. The defendant's counsel attempted to gain access to the tapes to determine if there were any statements favorable to his client. In colloquy between the trial judge, the special prosecutor and the defendant's counsel, it became apparent that there was disagreement between the special prosecutor and the trial judge as to whether these materials had been turned over to the court for in camera inspection, with the judge stating: "I have not examined any twenty-two statements" and "I did — I saw all of the statements of the defendants." The defendant's counsel moved for a mistrial; the trial judge denied it. The defendant's counsel then sought to have the evidence preserved by being made a part of the record so that, having failed to obtain an in camera inspection of the entire prosecution file on the trial level, he could obtain one in the appellate court. The trial judge ordered the tapes of the witnesses who had testified, filed with the clerk, yet the record does not disclose that this was done.

The trial judge's order on the defense counsel's "Brady Motion"[1] recites that the state had announced its intention to turn its entire file over to the court for in camera inspection to determine whether material

---

[1]Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

favorable to the accused was contained therein. This was not done. In view of the foregoing, it was error to deny the defendant's counsel's motion for mistrial.

3. Prior to the trial of the case at bar, there had been a previous trial of Willie Leapheart on indictments No. 5218 and 5221, a previous trial of James W. Hickox on indictment No. 5221, and a previous trial of appellant Popham on indictment No. 5220. Prior to trial, the defendant's counsel moved for a continuance or postponement until a transcript of the evidence at the other trials could be prepared. Error is enumerated on its denial. The record shows that the defendant's counsel did not order the transcript of the other trials during the one-month interval between the previous trial(s) and the trial in this case. The trial judge did not err in denying the motion for continuance.

4. During the trial, the state introduced in evidence testimony by Ralph Martin that on two occasions he saw a county bulldozer pulling trees from the edge of Kettle Creek for Willie Leapheart and that to the best of the witness' knowledge the bulldozer operators were Ed Ham and Clarence Arnold. These latter two men were called as defense witnesses and denied Martin's testimony. The state then called in rebuttal, Reppard Davis, who testified as to a conversation with Ham. The defendant's counsel made a series of objections based on hearsay, and subsequently moved the court to exclude the testimony as being hearsay. The defendant's counsel's objections and motion were meritorious. The foundation required under Code § 38-1803 for such questions had not been made by the state in its cross examination of witness Ham. See *Quinton v. Peck,* 195 Ga. 299 (6) (24 SE2d 36); *Dingler v. State,* 60 Ga. App. 822, 825 (5 SE2d 406); *Smith v. Payne,* 85 Ga. App. 693, 700 (70 SE2d 163) and cits.

5. The indictment upon which the appellant was tried in this case charged that the defendants "unlawfully then and there the said Maitland W. Popham being then and there Chairman of the Board of Commissioners of Roads and Revenue of Ware County and then and there having lawful possession, control, and supervision of property of Ware County under the control and supervision of the Board of Commissioners of Ware

County and said Maitland W. Popham being in lawful possession of certain property to-wit: One hundred twenty and three tenths cords of pine timber and pulpwood of the value of $3,308.25 of the property of and on the following described land of the Government and citizens of Ware County, Georgia, to-wit: . . .[There followed a metes and bounds description of the property.] [d]id unlawfully appropriate to their own use one hundred twenty and three tenths cords of pine timber and pulpwood of the value of $3,308.25 of the property of and from the land aforesaid of the Government and citizens of Ware County, Georgia to which said Maitland W. Popham and Willie Leapheart were not legally entitled with the intention of depriving said owners of said property contrary to the laws of this State and good order, peace and dignity thereof."

The defendant moved to quash and dismiss the indictment upon the ground that the same was returned in violation of Code Ann. § 89-9908 (as amended, Ga. L. 1975, pp. 1325, 1326).[2] In his motion, the defendant showed that, by charging the defendant with theft by taking of property in his possession in his capacity as a public officer (malpractice and malfeasance in office), the state enhanced the punishment to which he could be

---

[2]"A proposed indictment, presentment, or accusation under the preceding section shall specially set forth the merits of the complaint, and a copy thereof shall be served on the accused before it is laid before the grand jury. The accused shall have the right to appear before the grand jury and make such sworn statement as he shall desire at the conclusion of the presentation of the State's evidence; the accused shall not be subject to examination either direct or cross, and shall not have the right individually or through his counsel to examine witnesses; the accused and his counsel shall have the right to be present during the presentation of all evidence and statements of the accused on the proposed indictment, presentment, or accusation, after which he and his counsel shall retire from the grand jury room. If a true bill is returned by the grand jury, the case shall proceed to trial as in other criminal cases."

subjected if convicted, from ten to fifteen years.[3] The defendant concedes that he was furnished a copy of the proposed indictment, together with notice of the time and place of the convening of the grand jury, but contends that he was not advised whether he would be permitted to appear before the grand jury, not advised as to the conclusion of the state's evidence or when it would be or was expected to be concluded, so he could exercise his statutory right to appear, and that neither he nor his counsel was permitted to be present during the presentation of "all evidence." The state contends that Code Ann. § 89-9908 is not applicable. Our case law appears to be in confusion. *Abercrombie v. State,* 125 Ga. App. 402 (188 SE2d 160) would appear to sustain the state's position. *Cadle v. State,* 101 Ga. App. 175 (113 SE2d 180) would appear to be in conflict with *Abercrombie.* However, in this case, the defendant's motion affirmatively shows that the defendant was served with a copy of the proposed indictment prior to its being laid before the grand jury. This satisfies the notice requirements of the statute. In addition, the defendant was given notice of the time and place of convening the grand jury. There is nothing in the record which shows that the defendant made any effort to appear before the grand jury during the presentation of evidence or to make any statement to the grand jury, or to determine when the state would conclude the presentation of its evidence. In the absence of any showing that the defendant was prohibited from exercising his statutory rights, and the record affirmatively showing that the state fully complied with the notice requirements of the statute, we must conclude that the defendant waived his § 89-9908 rights. The trial judge correctly overruled the defendant's motion to quash.

6. The remaining enumerations of error are not meritorious.

For the reasons set forth in Divisions 1, 2 and 4, the trial judge erred in denying the defendant's motion for new trial.

---

[3]Code Ann. § 26-1812 (a) and (b) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842).

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

Argued May 3, 1976 — Decided May 21, 1976 — Rehearing denied June 10, 1976 —

*Gibson, McGee & Blount, J. B. McGee, Jr.,* for appellant.

*Dewey Hayes, District Attorney, Deen Strickland, Assistant District Attorney, Tony Hight,* for appellee.