## 58929. STEELE v. THE STATE.

SMITH, Judge.

Appellant was indicted for the offense of theft by conversion. The trial court, sitting without a jury, found appellant guilty of the offense of theft by conversion of leased personal property. We reverse.

The indictment alleges that appellant "having lawfully obtained certain radio telephone equipment of the value of more

than $200.00, property of Advanced Tel Com, Inc. under a legal obligation to return said property upon termination of his contract for mobile telephone services with said Advanced Tel Com, Inc. did knowingly convert the property to his own use in violation of said legal obligation by refusing to return same." We note that the indictment does not allege that any personal property has been "delivered under the terms of a lease or rental agreement." See Code § 26-1814. The indictment refers only to a "contract for mobile telephone services." However, we need not determine the effect of such language on the instant prosecution. The indictment cannot support appellant's conviction because it fails to allege that the owner of the radio telephone equipment has been damaged by the conversion.

In our view, "damage" to the owner or lessor of personal property is an essential element of the offense of theft by conversion of leased personal property. We base this view not only on the language of Code § 26-1814, but also on the fact that Code § 26-1808, which sets forth the offense of theft by conversion, requires no allegation or proof of damage.

The indictment in this case does not allege that the owner of the radio telephone equipment was damaged by the conversion. Thus, the indictment fails to allege an essential element of the offense of theft by conversion of leased personal property. " . . . there can be no conviction for the commission of a crime an essential element of which is not charged in the indictment." *O'Brien v. State,* 109 Ga. 51, 52 (35 SE 112) (1900); *Martin v. State,* 96 Ga. App. 557, 558 (100 SE2d 645) (1957). The judgment must therefore be reversed.

*Judgment reversed. Birdsong, J. concurs. Quillian, P. J., concurs specially.*

Submitted November 20, 1979 — Decided March 19, 1980.

*W. McMillan Walker,* for appellant.
*Phillip R. West, District Attorney, Terry F. Holland, Assistant District Attorney,* for appellee.

Quillian, Presiding Judge, concurring specially.
The defendant was charged with theft by conversion (Code Ann. § 26-1808; CCG § 26-1808 (Ga. L. 1968, pp. 1249, 1293; 1969, pp. 857, 868)), but was convicted of conversion of leased personal property (Code Ann. § 26-1814; CCG § 26-1814 (Ga. L. 1969, pp.

857, 864)). Accordingly, as the defendant was charged with one offense and convicted of another, I see the principal issue as whether the offense of which he was found guilty was the lesser included of the offense charged, and not as to whether the indictment properly charged the offense of which he was convicted. See *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354).

" ' "To warrant conviction of a lesser offense on an indictment or information charging a greater offense, it is essential that the allegations describing the greater offense contain all essential averments relating to the lesser offense or that the greater offense necessarily include[s] all the essential ingredients of the lesser." ' " *Tuggle v. State,* 145 Ga. App. 603 (1) (244 SE2d 131).

Code Ann. § 26-1808 sets forth the elements of theft by conversion as (1) having lawfully obtained funds or property of another under an agreement to make a specified application of such funds or property, the defendant (2) knowingly converts the funds or property to his own use in violation of such agreement or legal obligation. The elements of Code Ann § 26-1814 — conversion of leased personal property, are: (1) conversion to his own use, (2) of any personal property which has been delivered under the terms of a lease or rental agreement, (3) in violation of the lease or rental agreement, (4) *"to the damage of the owner or lessor."* (Emphasis supplied.) Thus, "damage" to the owner or lessor is an essential element of the offense of which the defendant was convicted and it was not an element of the offense charged.

As the greater offense did not include the essential element of the lesser offense, the trial court could not convict the defendant of the lesser offense. *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211); *Williams v. State,* 144 Ga. App. 130, 134 (240 SE2d 890). Accordingly, I specially concur with the majority opinion.