## A90A1993. GUERRERO v. THE STATE.
### (401 SE2d 749)

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of trafficking in cocaine. Following the imposition of sentence, defendant moved for a new trial. The new trial motion was denied and defendant appeals. *Held*:

1. Defendant enumerates error upon the denial of a motion to suppress evidence. In this connection, he argues that (1) the investigatory stop of the vehicle driven by defendant was unreasonably pretextual and that (2) the search of the vehicle exceeded the scope of defendant's consent.

The arresting officer testified that he observed defendant "weaving" three times as he was traveling north on the interstate highway and that he stopped defendant to see if he was "tired." In this regard, the officer testified that some policemen stop drivers who weave two times; but that it is his practice to permit a weaving driver to continue driving unless he weaves three times. The officer acknowledged that prior to stopping defendant he observed a temporary Florida license tag on defendant's vehicle.

The officer asked defendant if he was tired. Defendant responded that he was and added that he was not familiar with power steering. Thereupon, the officer told defendant that he was going to issue him a written warning.

The officer testified that most drivers are nervous when they are stopped by the police; but once they realize why they are stopped, most drivers regain their composure. Even after being told that he would only be given a written warning, however, defendant remained extremely nervous. Believing that something was amiss, the officer asked defendant for permission to "look inside" the vehicle. Defendant orally granted the officer permission.

In a compartment in the rear of the vehicle, the officer discovered a large white bag. Looking in the bag, the officer found two smaller bags containing cocaine. At that point, defendant was placed under arrest for violating the Georgia Controlled Substances Act.

" '[I]n determining when an investigatory stop is unreasonably pretextual, the proper inquiry . . . is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose.' [Cit.]" *Tarwid v. State*, 184 Ga. App. 853, 854 (363 SE2d 63). We have no hesitation in concluding that a reasonable officer would have stopped defendant after observing him weave three times on the interstate highway. The trial court did not err in denying the motion to suppress on the ground that the stop was unreasonably pretextual.

Defendant contends the search of the vehicle exceeded the scope

of consent since the officer only asked for permission to "look inside" the vehicle, not to search for contraband. "The question of whether or not a defendant freely consented to a search is determined by reference to the totality of the circumstances. . . . Moreover, in reviewing the denial of a motion to suppress, 'this court can consider all relevant evidence introduced at a pretrial hearing, an appropriate posttrial hearing, or at trial.' [Cits.]" *Bruce v. State*, 191 Ga. App. 580, 581 (2) (382 SE2d 367).

At trial, defendant testified that he purchased the vehicle less than 48 hours before he was stopped; that he never looked in the back compartment of the vehicle; and that, therefore, when the officer "asked, could I search the car? I said, no problem; fine, you know, I didn't have anything to hide."

In view of defendant's trial testimony, it cannot be said that the search of the vehicle exceeded the scope of defendant's consent. Compare *Bruce v. State*, 191 Ga. App. 580, 581 (2), supra, with *State v. Diaz*, 191 Ga. App. 830, 832 (2) (383 SE2d 195). The trial court did not err in denying the motion to suppress on the ground that defendant did not consent to a full search of the vehicle.

2. The indictment charged that defendant did "knowingly possess more than 400 grams of cocaine, a controlled substance, in violation of the Georgia Controlled Substances Act. . . ." Relying upon *Steele v. State*, 154 Ga. App. 59 (267 SE2d 500), defendant contends his conviction must be reversed because the indictment failed to allege an essential element of the crime, to wit: the possession of "any mixture with a purity of 10 percent or more of cocaine. . . ." We disagree. Trafficking in cocaine can be committed by a person who possesses 28 grams or more of cocaine *or* of any mixture with a purity of 10 percent or more of cocaine. See OCGA § 16-13-31 (a) (1). The indictment sufficiently charged defendant with trafficking in cocaine by possessing more than 400 grams of cocaine (28 grams of cocaine being the minimum amount required to constitute the offense of trafficking in cocaine). The evidence in the case sub judice disclosed that the amount was 523 grams of cocaine of 80 percent purity. See generally *Nichols v. State*, 186 Ga. App. 314, 317 (367 SE2d 266).

3. Defendant contends the trial court erred in failing to give a requested charge on the law of equal access. This contention is without merit. Taken as a whole, the trial court's charge adequately covered the principles set forth in the requested charge. See *Estep v. State*, 181 Ga. App. 842, 843 (2), 844 (353 SE2d 913).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

Decided January 8, 1991 —
Rehearing denied January 31, 1991 —

Sonya J. Calhoun, for appellant.
Edward D. Lukemire, District Attorney, Robert E. Turner, Assistant District Attorney, for appellee.