A91A1346. BROWN v. THE STATE.
(410 SE2d 196)

COOPER, Judge.

Appellant was found guilty by a jury of driving while a habitual violator, driving under the influence of alcohol, reckless driving and attempting to elude an officer. He appeals his conviction and sentence.

1. Appellant complains that the trial court erred in failing to seal and include in the record of the case the materials reviewed in considering his motion filed pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Although the trial judge conducted an in camera inspection of the State's file and concluded there was nothing exculpatory therein, appellant insists that under *Wilson v. State*, 246 Ga. 62 (1) (268 SE2d 895) (1980), on motion of the defendant, the material examined in camera should either be sealed and filed or an inventory made so as to permit appellate review.

"As a general rule, ' "(w)e will not call up the [S]tate's files for review unless the appellant can show cause, by showing that particular evidence was suppressed which was material." ' [Cit.]" *Boatright v. State*, 192 Ga. App. 112, 113 (2) (385 SE2d 298) (1989). " 'It is well recognized that '*Brady* does not require the prosecution to open its file for general inspection by the defense or for pre-trial discovery.' [Cits.]" Id. Appellant claims that the State's file contains a statement made to the arresting officer by a witness that she, rather than appellant, was driving the car. However, the officer testified that he saw appellant driving the car and did not recall the witness telling him

she was driving. Also, appellant called this witness at trial and she testified that she did tell the deputy she was driving. Thus, "appellant has failed to carry his burden to show either that any type of *Brady* violation occurred, [cit.], or, that assuming error had occurred, he was prejudiced thereby. [Cits.] Accordingly, this enumeration of error is without merit." *Boatright,* supra at 114.

2. Appellant contends that the trial court erred in permitting the State to introduce a document in evidence purporting to be the official notification of revocation and personal service of habitual violator, which was served on him on March 31, 1988, because the document included in the record on appeal bears as the date of certification May 16, 1991, some five months after the date of the trial. As shown by a supplemental record containing findings of fact made by the trial court pursuant to OCGA § 5-6-41 (f), when the court reporter was unable to make an adequate copy for the record on appeal of the certified copy introduced at trial showing appellant's driving history, she requested additional copies from the Department of Public Safety and attached those to the transcript of the trial proceedings, keeping the original copy tendered at trial. As ordered by the trial court, the court reporter has transmitted to this court photocopies of the original exhibit introduced at trial, which now are before this court as a supplement to the transcript of record. Therefore, this enumeration is without merit.

3. The trial court correctly denied appellant's motion for directed verdict of acquittal on the charge of habitual violator. "In prosecutions under [OCGA § 40-5-58 (c)], the [S]tate is required to prove that the defendant was declared an habitual violator; that his license was revoked; that he received notice that his license was revoked because of his status as an habitual violator; and, that he operated a motor vehicle in this state without having obtained a valid driver's license. [Cit.]" *Noles v. State,* 164 Ga. App. 191 (2) (296 SE2d 768) (1982). The State submitted evidence of all these material allegations by means of a properly certified document, which was admissible as "evidence in any civil or criminal proceeding as proof of its contents. (Cits.) [Cit.]" Id. at 193.

4. Appellant's final enumeration asserts that the conviction should be set aside because the jury failed to reach a unanimous verdict of guilty. The record discloses that the trial judge inadvertently polled only 11 jurors. Defense counsel was present during the polling of the jury and failed to notice or object to this oversight. As soon as it was discovered, an affidavit was procured from the twelfth juror in which she swore that she did find the defendant guilty on all counts and that this was still her verdict. By order of the trial court this affidavit has been made a part of the record on appeal. Since such procedure has been approved by this court, no reversible error oc-

curred. *Hunter v. State*, 177 Ga. App. 326 (2) (339 SE2d 381) (1985).
*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn*, for appellant.
    *W. Fletcher Sams, District Attorney, R. Javoyne Hill, Assistant District Attorney*, for appellee.