A91A1152. THOMAS v. THE STATE.
(410 SE2d 786)

MCMURRAY, Presiding Judge.

Defendant was convicted and sentenced for possession of cocaine. He appeals, asserting the trial court erred in denying his motion to suppress evidence and his motion for a mistrial. *Held*:

1. The following evidence was adduced at the motion to suppress hearing: On August 8, 1990, a Georgia State Patrol trooper began to follow a maroon Mercedes with gold rims because it matched the description of a "lookout" which the trooper noticed at his patrol post. The trooper did not know the source of the "lookout." He testified, however, that "lookouts" are usually received "from citizens."

The trooper radioed his post to confirm the identity of the automobile described in the "lookout." Before he received confirmation on the identity of the automobile, the trooper observed the driver lean forward (as if he were placing something on the floorboard) and the automobile crossed the double yellow line of the highway. Even though the driver immediately brought the automobile under control, the trooper stopped him. The driver emerged from the automobile and met the trooper. The trooper asked to see the driver's license and proof of insurance.

The driver (the defendant) produced the documents which the trooper requested. He told the trooper that he crossed the centerline

of the highway because he noticed the trooper following him and the trooper made him nervous.

At that point, the trooper informed defendant that a "lookout" had been placed on a vehicle which was believed to be transporting drugs. He asked defendant if he would "mind if I searched his vehicle." Defendant responded "that he didn't mind. It was okay. He had no problem. He didn't have anything."

The trooper walked around to the passenger side of the automobile. He looked at the floorboard to "see what made him reach down or make the motion toward the floorboard" and observed a small plastic bag. The trooper opened the door of the automobile and picked up the bag. It contained a small quantity of rock cocaine.

Defendant contends the search and seizure were unlawful because the trooper stopped defendant on a pretext. We disagree. " ' "(I)n determining when an investigatory stop is unreasonably pretextual, the proper inquiry . . . is not whether the officer *could* validly have made the stop but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose." (Cit.)' *Tarwid v. State*, 184 Ga. App. 853, 854 (363 SE2d 63). We have no hesitation in concluding that a reasonable officer would have stopped defendant [in view of the "lookout" and] after observing him [cross the centerline of] the interstate highway." *Guerrero v. State*, 198 Ga. App. 397 (401 SE2d 749).

Citing *State v. Diaz*, 191 Ga. App. 830 (383 SE2d 195), defendant also urges us to conclude that defendant did not give the trooper permission to search the automobile. *Diaz* is inapposite. In *Diaz*, the trial court found that defendant did not consent to a search of the automobile. In the case sub judice, on the other hand, the trial court found that defendant did consent to a search.

Viewing the totality of the circumstances, including the trooper's assertion that he told defendant about the "lookout" for an automobile transporting drugs and defendant's broad response to the trooper's inquiry regarding a "search" of the automobile, we find the evidence sufficient to support the trial court's determination that defendant consented to a search of the automobile. See *Guerrero v. State*, 198 Ga. App. 397, 398, supra.

2. In his second enumeration of error, defendant contends the trial court improperly intimated its opinion as to defendant's credibility. We cannot accept this contention.

" 'Though a judge is prohibited from expressing or intimating his opinion as to what has or has not been proved, the trial judge does have the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case. The extent to which the examination conducted by the court shall go is a matter within the court's discretion.' *Eubanks v. State*, 240 Ga. 544,

546 (2) (242 SE2d 41) (1978). See *Wilson v. State*, 229 Ga. 224 (2) (190 SE2d 78) (1972). There were no expressions or intimations of opinion regarding the evidence in the questions. They were addressed to relevant issues with a view of assisting the jury to ascertain the truth. *Parrish v. State*, 182 Ga. App. 247, 249 (4) (355 SE2d 682) (1987)." *Dixon v. State*, 196 Ga. App. 15, 19 (395 SE2d 577). We cannot say the trial court abused its discretion in conducting its examination.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Anne C. Allen*, for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.