A97A2439. TAYLOR v. THE STATE.
(498 SE2d 113)

BEASLEY, Judge.

Taylor and Pritchett were charged with possession of cocaine with intent to distribute. They were tried jointly and convicted of possession of cocaine. OCGA § 16-13-30. Taylor was given a sentence of 25 years imprisonment without possibility of parole because this was his fourth felony conviction. OCGA § 17-10-7 (c). He appeals the order denying his motion for new trial. We previously affirmed Pritchett's conviction in an unpublished opinion in Case No. A96A1270.

At approximately 8:30 p.m. on February 11, 1994, Officer Wheeler (head of the narcotics investigation division of the Douglas County Sheriff's Department) and Officer Jewell (a member of the sheriff's department's DUI task force) were patrolling Interstate 20 while it was misting rain. They observed a car being driven at a speed of 45 mph in the center lane of the highway. They stopped the

car because it was creating a traffic hazard as other vehicles were having to swerve to avoid hitting it, and operation of a car in this manner is sometimes an indication of DUI. Jewell approached Taylor, the driver, and Wheeler approached Pritchett, the front seat passenger.

While questioning Pritchett as he remained in the car, Wheeler detected the odor of marijuana and had Pritchett exit the car. In response to questioning by Wheeler, Pritchett stated that he did not have any weapons or drugs and then gave his consent to a search of his person. No contraband was found. After Taylor admitted to Jewell that he had been drinking, Jewell administered an alco-sensor test which was positive but did not show that Taylor was intoxicated. He refused to submit to a urine test but consented to a search of his vehicle for drugs, which was performed within five minutes after the car was stopped. On the floor between the front seats, Wheeler immediately found 81 individually wrapped rocks of cocaine inside a napkin. Taylor and Pritchett were arrested for possession of cocaine.

1. For a number of reasons, Taylor contends that the court erred in denying his motion to suppress the cocaine and other evidence obtained as a result of the traffic stop. All is considered in the following context: "When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. [Cits.]" *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991).

(a) First, Taylor argues that the stop was without legal authorization.

"It is evident that the stop of a vehicle is authorized if an officer observes the commission of a traffic offense. [Cit.]" *Hines v. State*, 214 Ga. App. 476, 477 (448 SE2d 226) (1994). The evidence supports a finding that the officers observed Taylor violate OCGA § 40-6-184 (a) (1): "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation."

(b) Taylor next argues that the stop was pretextual, in that the underlying purpose of the officers was to investigate and search for drugs.

The federal constitutional test for determining whether a traffic stop is pretextual was articulated in *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996). As restated in *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997): "when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in

initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. . . . In other words, if the driver of a stopped car has broken a traffic law, no matter how relatively minor, a motion to suppress evidence can no longer be based on the argument that the stop was pretextual — at least under federal law." The *Whren* test supplants the test previously applied in such cases as *Tarwid v. State*, 184 Ga. App. 853, 854 (1) (363 SE2d 63) (1987), which measured the stop only by federal constitutional law. Taylor made, and makes on appeal, no independent claim based on state constitutional law, so we do not address it. The evidence authorized the trial court to find that the stop in this case was valid.

(c) Taylor also contends that his continued detention after it was determined that he was not intoxicated exceeded the stated purpose of the investigative stop.

The fact that the vehicle was being driven so slowly as to create a traffic hazard authorized the officers to investigate the condition of the driver. See *Pupo v. State*, 187 Ga. App. 765 (1) (371 SE2d 219) (1988); *Gabbidon v. State*, 184 Ga. App. 475, 476 (2) (361 SE2d 861) (1987). It also authorized a stop for a traffic violation. Officer Wheeler's detection of the odor of marijuana after the stop was initiated provided reasonable suspicion both that marijuana was present in the car and that Taylor had been driving under the influence of drugs. See OCGA § 40-6-391 (a) (2). Having effected a valid traffic stop, the officers were authorized to request consent to search the automobile. *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455) (1996). The stop did not exceed the bounds of a brief investigative detention, so Taylor's consent to search was not the product of an illegal detention. The evidence supports the court's finding that his consent was freely and voluntarily given. See *Davis v. State*, 194 Ga. App. 482, 483 (1) (391 SE2d 124) (1990); compare *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988).

(d) Taylor also maintains that the investigative stop should have ended before Officer Wheeler conducted his search, because Officer Jewell previously shined his flashlight through the car windows and briefly entered the car without observing any contraband. There is no evidence that Taylor withdrew his consent after Jewell conducted his cursory search. Thus, the court was authorized to find that each officer's search of the car was within the scope of consent given by Taylor. See *Aranda v. State*, 226 Ga. App. 157, 159 (2) (486 SE2d 379) (1997).

(e) Lastly, Taylor argues that any consent by him to search the car did not authorize the officers to open the napkin in which the contraband was found. He cites *State v. Corley*, supra, and *State v. Diaz*, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989). Both cases are distinguishable. In each, the officer asked merely for permission to "look

inside" the vehicle. The court held that the extent of the consensual investigation did not extend to the seizure and examination of any items or containers in the car, which would constitute a full-blown search. In this case, as in *Thomas v. State*, 201 Ga. App. 292, 293 (1) (410 SE2d 786) (1991), and *Garcia v. State*, 207 Ga. App. 653, 656 (1) (c) (428 SE2d 666) (1993), the defendant consented to a full-blown search of his automobile. See also *Gossett v. State*, 199 Ga. App. 286, 287 (1) (c) (404 SE2d 595) (1991).

2. Taylor contends that the trial court erred in denying his motion to strike the testimony of a law enforcement officer concerning the number of bags of cocaine (approximately 100) found in Taylor's possession during an arrest which led to his prior conviction of possession of cocaine with intent to distribute. This offense was admitted in evidence as a similar transaction. Taylor argues that the officer's testimony was hearsay because it was based on information contained in a police report reviewed by the officer while he was testifying and not on his refreshed memory. See *Williams v. State*, 257 Ga. 788, 789 (6) (364 SE2d 569) (1988) (OCGA § 24-6-69 permits a witness to use a document to refresh his memory but requires the witness to testify from his memory); *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996) (motion to strike hearsay evidence proper).

The court denied the motion to strike on the ground that the officer's testimony was based on his refreshed memory. Even if this ruling was in error, admission of hearsay testimony as to the exact number of bags of cocaine seized was harmless beyond a reasonable doubt, because the officer remembered seeing the bags, remembered their being counted, and from personal knowledge testified there were "a good many." Taylor does not challenge the admissibility of the conviction itself; he admitted being in possession of the cocaine in this current case; and he was not convicted of possession with intent to distribute.

3. Finally, Taylor contends that the court erred by not granting his motion for mistrial due to the State's failure to file a copy of material examined by the court in camera pursuant to his pretrial motion under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

At the beginning of the trial, Taylor requested that the court inspect certain material and that the State make a sealed copy of it and file it with the clerk. The court granted the request. During the course of the trial, the court affirmed that it had inspected the material and found nothing favorable to Taylor. When the trial ended, Taylor inquired whether the State had filed a copy of the material. The prosecuting attorney responded in the negative, and Taylor moved for a mistrial. The court denied the motion on the ground that

there is no requirement that such material be filed within any particular time.

Despite Taylor's argument, a mistrial was not required under *Popham v. State*, 138 Ga. App. 876, 878 (2) (227 SE2d 825) (1976). *Popham* held that the defendant was entitled to a mistrial where the record showed that the State had not turned its entire file over to the court for an in camera *Brady* inspection. See *Benefield v. State*, 140 Ga. App. 727 (232 SE2d 89) (1976). Taylor has made no such showing.

Taylor's remedy for the State's failure to file the inspected material was to request that it be filed. Although Taylor did make such a request in conjunction with his motion for mistrial, the court did not rule on it, and Taylor did not raise this issue in his motion for new trial. Taylor has not asked this Court to order the filing, nor need we do so sua sponte. See OCGA § 5-6-48 (d). " 'As a general rule, " '(w)e will not call up the [S]tate's files for review unless the appellant can show cause, by showing that particular evidence was suppressed which was material.' " (Cit.)' [Cit.]" *Brown v. State*, 201 Ga. App. 98 (1) (410 SE2d 196) (1991).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 24, 1998

*Scott K. Camp*, for appellant.

*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.