A93A1300. BOWEN v. THE STATE.
(436 SE2d 76)

JOHNSON, Judge.

Margaret Louise Bowen was asleep in the back seat of Sandra Ellis' car when it was stopped at 2:00 a.m. for weaving and crossing the centerline. Bowen appeals the denial of her motion to suppress the evidence seized as a result of the search of her purse and her subsequent conviction.

1. Bowen contends that the trial court erred in denying the motion to suppress because the warrantless search of her purse was without her consent and not justified by probable cause. We agree.

At the motion to suppress hearing the arresting officer, Sergeant Billy Boney, initially recounted the sequence of events as follows: "I asked [Ellis] for a consent to search which she willingly gave . . . I searched the brown [purse belonging to Ellis] first . . . I found a weapon containing seven live rounds and I found two black capsules . . . And I found one marijuana cigarette butt also in that purse. At that point I went to the — when I completed my search I went to the back and I found — in the black pocketbook [Bowen's] I found a baggie containing marijuana. I found two Marlboro cigarette packs, one containing two plastic bags containing white powder, which at the time I believed to be cocaine. . . . At that point I placed everybody in the car under arrest." During cross-examination Sergeant Boney admitted that the weapon was not found until subsequent searching after everyone in the car had been arrested. At trial, Sergeant Boney admitted on cross-examination that he did not ask for permission to search either of the pocketbooks and that the only evidence of illegal activity he had at the time of the search of the pocketbooks was the traffic offenses. Defense counsel properly reasserted his motion to suppress at trial, and it was again denied.

Bowen relies on *State v. Corley*, 201 Ga. App. 320 (411 SE2d 324) (1991). In *Corley*, we affirmed the grant of a motion to suppress evidence when a bag belonging to a passenger was searched without consent and with no probable cause. "It is apparent beyond doubt that society is prepared to accept as reasonable that both vehicle owners and their authorized passengers may carry bags and parcels with them into the automobile; it is further our view that society is prepared to recognize a right of privacy in the contents of those closed packages and 'bags, which legitimate passengers and vehicle owners carry with them into the vehicle at least to the extent of vesting the passenger or owner with lawful authority to assert a violation of Fourth Amendment rights due to an illegal search or seizure of those objects." *Corley* at 323. As in *Corley*, the passenger "never gave permission to search, [she] was not under arrest, the [drugs were] not in plain view, and [she] had a reasonable expectation of privacy in the searched premises." Id. at 321. "[I]n order to eliminate any taint from an involuntary seizure or arrest, there must be proof both that the consent was voluntary and that it was not the product of the illegal detention. Proof of a voluntary consent alone is not sufficient. The relevant factors include the temporal proximity of an illegal seizure and consent, intervening circumstances, and the purpose and flagrancy of the official misconduct." (Citations, punctuation, and emphasis omitted.) *Rogers v. State*, 206 Ga. App. 654, 660 (4) (426 SE2d

209) (1992). Bowen clearly did not consent to the search of her personal property, and there was no probable cause for her detention. The burden is on the State to establish that the search did not exceed the scope of any consent given. *Amato v. State*, 193 Ga. App. 459, 460 (2) (388 SE2d 54) (1989). See also *Springsteen v. State*, 206 Ga. App. 150 (424 SE2d 832) (1992) (discussion of scope of consent). The State did not meet its burden of proving that Bowen's purse was within the scope of Ellis' consent to a search of her car.

This court is bound to review a trial court's ruling on a motion to suppress most favorably to uphold its findings and will not disturb its findings unless clearly erroneous. *Morgan v. State*, 195 Ga. App. 732, 735 (394 SE2d 639) (1990); *State v. Combs*, 191 Ga. App. 625, 627 (382 SE2d 691) (1989). In this case, because Sergeant Boney admitted that the search of Bowen's purse was without consent, without probable cause and was not incident to a legal arrest, the renewed motion to suppress should have been granted.

2. In view of our decision in Division 1, we need not address Bowen's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 22, 1993.

*Groover & Childs, Denmark Groover, Jr., Duke R. Groover*, for appellant.

*Willis B. Sparks III, District Attorney, Pamela Y. White-Colbert, Thomas J. Matthews, Assistant District Attorneys*, for appellee.