## A01A0269. THE STATE v. BUTE.
(552 SE2d 465)

BLACKBURN, Chief Judge.

Following the trial court's grant of Victor Albert Bute's motion to suppress marijuana found in his automobile, the State appeals, contending that the arresting officer properly stopped Bute's truck to investigate a violation of OCGA § 40-6-242 (a). For the reasons outlined herein, we reverse.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Allenbrand v. State*.[1] However, where, as in this case, the evidence at the suppression hearing was uncontroverted, and no question of credibility of the witnesses was presented, "[w]e . . . review the trial court's ruling on the motion to suppress to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review." (Citations omitted.) *State v. Armstrong*.[2] See also *Vansant v. State*.[3]

So viewing the evidence, the following facts were adduced at the suppression hearing: At approximately 3:30 a.m. on July 4, 1999, Officer Cass Mooney witnessed Bute driving his truck from behind a closed shopping center with his radio at a "booming" level. Officer Mooney also noticed four people crowded into the front seat sitting shoulder to shoulder. At that point, Officer Mooney stopped Bute's vehicle to investigate a violation of the front seat passenger occupancy limitation contained in OCGA § 40-6-242 (a).[4]

---

[1] *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995).

[2] *State v. Armstrong*, 223 Ga. App. 350, 351 (1) (477 SE2d 635) (1996).

[3] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[4] OCGA § 40-6-242 (a) provides: "No person shall drive a vehicle when it is so loaded or when there are in the front seat such a number of persons, exceeding three, as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle."

. As Officer Mooney approached Bute, he smelled the odor of an alcoholic beverage coming from the vehicle and noticed that Bute's face was flushed and his eyes were bloodshot and glazed. Officer Mooney learned that all of the occupants of the vehicle were eighteen years old and that one of the passengers had been drinking. Bute, acting nervously and speaking rapidly, denied that he had been drinking and volunteered to take field sobriety tests, which he failed.

After Bute failed the sobriety tests, Officer Mooney asked Bute if he had any alcohol or drugs with him. Bute stated that he did not have any alcohol or drugs and suggested that Officer Mooney conduct a search. Officer Mooney asked Bute to turn his pockets inside out, and Bute complied, producing a plastic bag from his left shirt pocket which contained marijuana. At this time, Officer Mooney arrested Bute for DUI.

An accusation was filed, charging Bute with (1) driving under the influence of alcohol to the extent it was less safe for him to drive; (2) driving under the influence with an alcohol concentration of 0.02 percent or more, while under the age of twenty-one; (3) possession of marijuana; (4) interference with control of a vehicle by driving with more than three passengers in the front seat, in violation of OCGA § 40-6-242 (a); and (5) violation of the sound volume limitation contained in OCGA § 40-6-14, through the use of a stereo.

Bute filed a motion to suppress the evidence, contending that the officer had no articulable suspicion which would authorize the stop and that it was pretextual. At the suppression hearing, Officer Mooney explained that he stopped Bute for a possible violation of OCGA § 40-6-242 (a), which prohibits a driver from driving with more than three persons in the front seat so as to interfere with the driver's sight or control over the driving mechanism of the vehicle. Bute argues that the mere act of having more than three persons in the front seat does not violate the statute, and therefore, the stop was unlawful. The State contends that Officer Mooney acted upon a reasonable belief that a traffic violation had occurred because there were more than three occupants of the front seat, which authorized the stop and an investigation. The trial court found, however, that Officer Mooney lacked sufficient, articulable suspicion to stop Bute and granted Bute's motion to suppress the evidence of the DUI and drug possession. We disagree.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States.*[5] Accordingly, in *Whren*, the U. S. Supreme Court held that where a police officer has

---

[5] *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996).

probable cause to believe a motorist committed a traffic violation, a stop is not rendered invalid under the Fourth Amendment by the officer's subjective intentions. Id. at 813. The Supreme Court reinforced the *Whren* decision in *Ohio v. Robinette*,[6] where the Court held that the subjective intentions of a police officer did not make the continued detention of a motorist unlawful where the officer initially had probable cause to stop the motorist for speeding. *Robinette*, supra at 38.

Similarly, we noted in *Hines v. State*[7] that "the stop of a vehicle is authorized if an officer observes the commission of a traffic offense." Id. at 477. There, we found a vehicle stop to be reasonable where the officer observed an apparent equipment violation (i.e., malfunctioning headlight). In *Hines*, we noted that our conclusion held even if the motorist ultimately was not cited for the violation for which he was stopped. Id. at 478. We reached a similar result in *State v. Bowen*[8] and *Roberson v. State*.[9] In both instances, the officers initiating the stops witnessed traffic offenses: in *Bowen*, weaving, and in *Roberson*, backing up illegally. *Bowen*, supra at 96; *Roberson*, supra at 180-181.

In the case at bar, Officer Mooney had probable cause to believe that Bute violated OCGA § 40-6-242 (a). Officer Mooney testified that he saw four people riding in the front seat of Bute's vehicle. These four occupants may well have blocked the driver's view in violation of OCGA § 40-6-242 (a). The officer was clearly authorized to stop the vehicle and investigate this apparent violation of the traffic laws. Although Bute argues that there was no evidence presented to show that he was driving erratically at the time of the stop, such proof is not necessary. We have rejected the notion that the officer must know that each "element" of a crime could be established prior to initiating a stop.[10] See *Armstrong*, supra at 352.

In analyzing an officer's conduct, we look to the totality of the circumstances. *United States v. Cortez*.[11] Here, at 3:30 a.m., the officer observed a vehicle with four passengers in the front seat and sound blaring therefrom in violation of OCGA § 40-6-14, driving from behind the shops in a closed shopping center. The totality of the circumstances confronting the officer raised his suspicions and authorized an investigative stop. The violation of the sound volume limitation, OCGA § 40-6-14, without more, authorized the stop, under

---

[6] *Ohio v. Robinette*, 519 U. S. 33, 38 (117 SC 417, 136 LE2d 347) (1996).

[7] *Hines v. State*, 214 Ga. App. 476, 477-478 (448 SE2d 226) (1994).

[8] *State v. Bowen*, 231 Ga. App. 95 (498 SE2d 570) (1998).

[9] *Roberson v. State*, 230 Ga. App. 179 (495 SE2d 643) (1998).

[10] We express no opinion as to whether there must be evidence of irregular driving to establish a violation of OCGA § 40-6-242 (a).

[11] *United States v. Cortez*, 449 U. S. 411 (101 SC 690, 66 LE2d 621) (1981).

*Whren,* supra, and *Robinette,* supra.

Where the officer observes the violation of a traffic law, the resulting stop is not pretextual. *Whren,* supra. Officer Mooney was the only witness to testify at the suppression hearing. His undisputed testimony established that he stopped Bute based upon a founding suspicion that Bute violated at least two traffic offenses in his presence as outlined above. Thus, the stop was legal, and the motion to suppress should have been denied. The trial court erred in granting defendant's motion to suppress.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2001.

*Gerald N. Blaney, Jr., Solicitor-General, Emilien O. Loiselle, Jr., Gary S. Vey, Assistant Solicitors-General,* for appellant.
*Robert Greenwald,* for appellee.