## A03A1570. THE STATE v. SELPH.
(583 SE2d 212)

BLACKBURN, Presiding Judge.

Following the grant of Bobby Lee Selph's motion to suppress, the State appeals, contending that the trial court erred by finding that police lacked probable cause to search a book bag carried by Selph while he was riding as a passenger in another person's car. For the reasons set forth below, we reverse.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State*.[1]

The record shows that, on September 11, 2002, Officer David Mullin stopped Heather Renee Lemley for speeding.[2] Selph was riding as a passenger in Lemley's car. As Officer Mullen approached Lemley, he immediately smelled the odor of burning marijuana. Officer Mullen then asked Lemley for her driver's license and proof of insurance, and he noticed that Selph appeared to be covering up a book bag beneath his legs.

Officer Mullen next asked Lemley to stand at the rear of her car while he ran a check on her license. While waiting for the results, Officer Mullen asked Lemley if she had any marijuana in the car, and she responded that she did not. Officer Mullen then asked if he could search the car, and Lemley consented.

Officer Mullin began searching on the driver's side of the car and immediately spotted a cigarette box in a compartment on the driver's door. Officer Mullen found a partially smoked marijuana cigarette and a small bag of marijuana. At that point, Officer Mullen placed both Lemley and Selph under arrest for possession of marijuana.

Officer Mullen and his partner then completed the search of Lemley's car, including Selph's book bag which remained on the floor of the passenger's side of the car. Inside the book bag, the officers discovered additional marijuana, a set of digital scales, and a loaded handgun. Selph later moved to suppress this evidence, arguing that the police had no probable cause to search his personal property

---

[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[2] Selph does not contest the legality of the initial stop.

without a warrant and without his consent. The trial court erred by granting this motion.

Pretermitting the efficacy of Selph's initial arrest, the police officers did not violate Selph's Fourth Amendment rights by searching his book bag in this case. Here, Selph does not contend that the police officers lacked probable cause to search Lemley's car for contraband. Instead, he argues that the police officers lacked probable cause to search his book bag, which happened to be in Lemley's car. Precedent from the Supreme Court of the United States, however, undermines Selph's contention.

In *Wyoming v. Houghton*,[3] the U. S. Supreme Court, based on its "automobile exception" to the Fourth Amendment,[4] allowed a search of a passenger's purse for contraband after drug paraphernalia was found in a driver's pocket. The Supreme Court set forth the following rule:

> When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one. A passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are "in" the car, and the officer has probable cause to search for contraband in the car.

(Emphasis omitted.) Id.

The Supreme Court further opined:

> Passengers, no less than drivers, possess a reduced expectation of privacy with regard to the property that they transport in cars, which "travel public thoroughfares," *Cardwell v. Lewis*,[5] "seldom serve as . . . the repository of personal effects," *ibid.* [,] are subjected to police stop and examination to enforce "pervasive" governmental controls "as an everyday occurrence," *South Dakota v. Opperman*,[6] and, finally, are exposed to traffic accidents that may render all their contents open to public scrutiny.

*Houghton*, supra at 303.

---

[3] *Wyoming v. Houghton*, 526 U. S. 295, 302 (119 SC 1297, 143 LE2d 408) (1999).

[4] See, e.g., *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925); *United States v. Robinson*, 414 U. S. 218, 235 (94 SC 467, 38 LE2d 427) (1973); *New York v. Belton*, 453 U. S. 454 (101 SC 2860, 69 LE2d 768) (1981); *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982).

[5] *Cardwell v. Lewis*, 417 U. S. 583, 590 (94 SC 2464, 41 LE2d 325) (1974).

[6] *South Dakota v. Opperman*, 428 U. S. 364, 368 (96 SC 3092, 49 LE2d 1000) (1976).

As stated previously, Selph does not contend that police officers lacked probable cause to search Lemley's car for contraband, and the facts of this case support a finding that probable cause existed. See, e.g., *Tutu v. State*.[7] And, because the police had probable cause to search Lemley's car, they also had the right to examine all packages and containers in the car which might contain contraband without a showing of individualized probable cause for each one, including Selph's book bag.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 5, 2003.

*Howard Z. Simms, District Attorney, Kimberly S. Schwartz, Assistant District Attorney*, for appellant.

*Renate D. Moody, Brian C. Ranck, Robert A. Fricks*, for appellee.

