A06A1902. NOBLE v. THE STATE.
(640 SE2d 666)

MIKELL, Judge.

Brandon Noble appeals from his conviction for drug trafficking and possession, arguing that the trial court erred when it denied his motion to suppress drugs found in a search of his car incident to a traffic stop. We find no error and affirm.

The record shows that in August 2004, officers of a Cobb County narcotics unit received tips that Noble would be driving from Tennessee to Atlanta in his 1993 Nissan Altima for the purpose of transporting narcotics back to Tennessee. After two officers in an unmarked car identified Noble's Nissan, they began following it, noting a number of traffic violations as it sped through Atlanta back roads and then turned northbound onto I-75. After the Nissan entered Cobb County, the officers saw it make an improper lane change and follow a white van too closely. The officers radioed this

---

information to a third officer driving a marked Cobb County police car, and asked him to stop the Nissan on that basis. The third officer, Hamilton, followed Noble as he exited I-75 and pulled up behind him at a red light, noting that Noble kept looking back at the police car through his rear and side mirrors. When Noble's car made a left turn, Hamilton turned on his blue lights and followed it into a McDonald's parking lot. Responding to a call for backup, a K-9 officer pulled in behind Hamilton as the first two watched to confirm that the correct car had been stopped.

Hamilton approached Noble's vehicle and explained that he had been stopped for traffic violations. The officer noted as he did so that Noble's hands were shaking. After checking his license and proof of insurance, Hamilton wrote out a citation for the traffic violations. Before returning Noble's license, Hamilton asked him whether he could search the car. Noble agreed, but asked whether the officer "really want[ed] to do this." At this point, Hamilton signaled to the K-9 officer to run his dog around the car. On its second pass, the dog alerted on the driver's side door, jumped inside the car through its open window, and alerted again on a computer bag in the back seat. Inside the bag, Hamilton found 21.5 grams of marijuana and 1.5 grams of methamphetamine. After Noble was placed under arrest, Hamilton found an additional 54.5 grams of methamphetamine in a trash bag on the floor behind the driver's seat.

Noble moved to suppress the drugs seized on the ground that the officers did not have probable cause to make the stop, that the officers impermissibly extended the stop, and that he did not consent to the search. After a hearing, the trial court denied the motion. After a stipulated bench trial, Noble was convicted of trafficking in methamphetamine and possession of marijuana with the intent to distribute and was sentenced to ten years to serve.

Where, as here, the credibility of the police officers testifying at the hearing on a motion to suppress is outcome-determinative,

> the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must

construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

1. Noble first argues that the officers did not have probable cause to stop his car. We disagree.

If an officer witnesses a traffic violation, the ensuing stop is never pretextual, regardless of the officer's subjective intentions.[2] A traffic stop may also be justified based on the collective knowledge of all the police officers engaged in a joint investigation.[3] Here, the evidence is undisputed that Officer Hamilton stopped Noble on the basis of the first two police officers' observations that Noble had followed too closely and made an improper lane change.[4] Hamilton thus had probable cause to make the traffic stop.[5]

2. Noble next contends that although he gave consent to search, that consent was not freely and voluntarily given because Officer Hamilton's request for consent as well as the canine free-air search impermissibly prolonged the traffic stop. Again, we disagree.

Even after an officer has issued a citation for a traffic violation, the original investigation continues while he awaits a status report on the detained person's driver's license.[6] If the officer asks for consent to search before his investigation is concluded, such a request does not amount to an impermissible extension of the traffic stop.[7] Such consent will be held voluntary if the totality of the circumstances fails to show that police used fear, intimidation, threat of physical punishment, or lengthy detention to obtain the consent.[8] Finally, it is plain that once a drug dog has alerted to a car, the police have probable cause authorizing the warrantless search of that car.[9]

Noble concedes that he gave consent to search and that less than ten minutes elapsed between the initial stop and the dog's free air search. It is uncontroverted that Hamilton asked for and received that consent as Noble was signing the citation, and that the canine free-air search was undertaken immediately and as a result of Noble's consent. Under these circumstances, neither Hamilton's

---

[1] (Footnote omitted.) *State v. Brown*, 278 Ga. App. 457, 459-460 (629 SE2d 123) (2006).

[2] *State v. Bute*, 250 Ga. App. 479, 480-481 (552 SE2d 465) (2001), citing *Whren v. United States*, 517 U. S. 806, 813 (II) (A) (116 SC 1769, 135 LE2d 89) (1996).

[3] *Burgeson v. State*, 267 Ga. 102, 105 (3) (a) (475 SE2d 580) (1996).

[4] See OCGA §§ 40-6-49 (following too closely); 40-6-123 (b) (improper lane change).

[5] *Bute*, supra; *Burgeson*, supra.

[6] See *Harris v. State*, 269 Ga. App. 48, 49-50 (603 SE2d 476) (2004) (officer who has issued citation but who awaits information on driver's license may ask driver to get out of his car and for consent to search).

[7] Id. at 50-51.

[8] See *Goodman v. State*, 272 Ga. App. 639, 641 (613 SE2d 190) (2005).

[9] *Casey v. State*, 246 Ga. App. 786, 790 (3) (a) (542 SE2d 531) (2000).

request to search nor the free air search itself unreasonably expanded the scope or duration of the traffic stop.[10]

3. Finally, Noble argues that because the drug dog inserted his nose into the open driver's front seat window, the "free-air" search was in fact an impermissible search of the interior of the car. Again, we disagree.

Noble's brief, which we ordered recast for its failure to cite the record, quotes the K-9 officer's written report as follows:

> Blue [(the dog)] and I . . . began the free air canine inspection around Noble's Nissan Altima. As canine Blue and I went by the driver's front door the first time[,] Blue raised his head up *into* the open driver's side window. I continued around the Nissan and when I returned to the driver's side window Blue then alerted (aggressive) on the driver[']s side door, at the top center. At that point Blue jumped through the open driver[']s window (without command) into the driver's front seat, then immediately into the rear seat, and began to alert (aggressive) on a black and red computer bag in the back seat.

(Punctuation omitted; emphasis supplied.) Noble's citation for this quotation refers only to the transcript of the hearing on his motion to suppress, however. Such practices violate our Court of Appeals Rule 25 (a) (1) and (c) (3) (i). As the state points out, moreover, Noble did not raise the contention that the dog impermissibly intruded into the airspace of his car, either before or after it alerted, in either his motion or at the hearing on it. Because Noble failed to raise this matter in the trial court, he has waived consideration of it on appeal.[11]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED DECEMBER 15, 2006.

*Berry & Reynolds, D. Victor Reynolds, William C. Burn*, for appellant.

---

[10] *Harris*, supra at 51 (officer who obtained consent to search before he received response to license inquiry did not illegally expand the scope or duration of a traffic stop); see also *Byers v. State*, 272 Ga. App. 664, 665-666 (613 SE2d 193) (2005) (if driver is not detained for any appreciable time to accomplish investigation and citation, the detention is reasonable, and a request to search does not unduly prolong such a detention).

[11] See *State v. Conley*, 273 Ga. App. 855, 856 (616 SE2d 174) (2005) (reversing grant of motion to suppress when ground on which trial court ruled was not asserted in motion or at hearing).

*Patrick H. Head, District Attorney, Samuel W. Lengen, Amy H. McChesney, Assistant District Attorneys*, for appellee.