### A09A0766. PROCTOR v. THE STATE.
(680 SE2d 493)

DOYLE, Judge.

Following a stipulated bench trial, Walter Proctor appeals his conviction of trafficking in cocaine[1] and possessing a controlled substance in violation of the Georgia Controlled Substances Act.[2]

---

[1] OCGA § 16-13-31 (a).

[2] OCGA § 16-13-30 (a).

Specifically, Proctor challenges the trial court's denial of his motion to suppress evidence discovered during a traffic stop, arguing that the searching officer (1) lacked authority to stop him, and (2) obtained his consent to search only after unduly prolonging the traffic stop. Finding these arguments to be without merit, we affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[3]

So viewed, the record shows that an officer patrolling an interstate highway observed Proctor following the vehicle in front of him approximately one car-length away. Proctor was driving with the regular flow of traffic in a 70 mph speed zone and had ample room to pass the vehicle he followed. As the officer pursued, he watched Proctor maintain this close distance for approximately one mile, so the officer executed a traffic stop for following too closely.[4]

The officer asked Proctor to exit his vehicle and to provide his driver's license and proof of insurance. Proctor cooperated, and the officer returned to his cruiser to write a citation and to call dispatch to run a computer check on Proctor's information. The officer returned with the citation and Proctor's license, and while waiting to hear back from dispatch, he asked Proctor for consent to search his vehicle, which Proctor gave. During the search, the officer found in the back seat what turned out to be 152.04 grams of cocaine and 1.91 grams of 3, 4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance.[5]

Proctor was arrested and charged with trafficking and possession violations based on the cocaine and MDMA respectively; following his unsuccessful motion to suppress, he stipulated to possessing the contraband. The trial court convicted Proctor on both the trafficking and possession counts, and this appeal followed.

1. Proctor contends that the trial court erred in denying his motion to suppress because the officer lacked authority to execute

---

[3] (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[4] See OCGA § 40-6-49 (a) ("[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway").

[5] See OCGA § 16-13-25 (3) (Z).

the traffic stop. We disagree.

> An officer may conduct a brief investigative stop of a vehicle if the stop is justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. A court must consider whether, under the totality of the circumstances, the police officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity. However, the stop of a vehicle is also authorized merely if the officer observed a traffic offense.[6]

Here, the officer testified that he observed Proctor driving on an interstate approximately one car-length away from the vehicle in front of him, and that, based on the speed and traffic conditions, Proctor was following unreasonably close: "if [the vehicle in front of Proctor] had made an abrupt stop, there's no way that [Proctor] could have avoided a collision. . . ." Based on this observation that Proctor was committing a traffic offense by following "another vehicle more closely than is reasonable and prudent," the officer was authorized to execute a traffic stop for following too closely.[7]

2. Proctor also argues that the officer sought his consent after unreasonably prolonging the detention. We disagree.

"Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual; ask to examine the individual's identification; and request consent to search. . . ."[8]

> If a driver is questioned and gives consent while he is being lawfully detained during a traffic stop, there is no Fourth Amendment violation. However, a seizure that is justified solely by the interest in issuing a warning [or] ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.[9]

> Consent given pursuant to a request made after the motorist has been detained for an *unreasonable* time is not a valid

---

[6] (Footnote omitted.) *Steinberg v. State*, 286 Ga. App. 417, 418 (1) (650 SE2d 268) (2007).

[7] OCGA § 40-6-49 (a). See *Noble v. State*, 283 Ga. App. 81, 83 (1) (640 SE2d 666) (2006).

[8] (Citation and punctuation omitted.) *Muehler v. Mena*, 544 U. S. 93, 101 (125 SC 1465, 161 LE2d 299) (2005). See also *Macias v. State*, 292 Ga. App. 225, 227 (1) (664 SE2d 265) (2008) ("[a]s a rule, there is no Fourth Amendment violation when an officer asks the driver to consent to a search during the course of a valid traffic stop") (citation omitted).

[9] (Citations and punctuation omitted.) *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006).

consent and contraband found during a subsequent search is the "fruit of the poisonous tree." A reasonable time includes the time necessary to verify the driver's license, insurance, registration, and to complete any paperwork connected with the citation or a written warning. A reasonable time also includes the time necessary to run a computer check to determine whether there are any outstanding arrest warrants for the driver or the passengers.[10]

Here, the evidence at the suppression hearing showed that the officer sought Proctor's consent to search his vehicle after giving his name to dispatch but before the result on the computer check had come back.[11] Therefore, the officer's request for consent — which occurred during the pending computer check on Proctor's name — did not result from an unduly prolonged detention, and the consent obtained was valid.[12] Accordingly, the trial court did not err in denying Proctor's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 16, 2009.

*King, King & Jones, Matt A. Hirsch*, for appellant.
*Tommy K. Floyd, District Attorney, John A. Pipkin III, Assistant District Attorney*, for appellee.

---

[10] (Footnotes omitted; emphasis in original.) *Hayes v. State*, 292 Ga. App. 724, 729 (2) (a), (b) (665 SE2d 422) (2008).

[11] The record does not specifically include the precise duration of the traffic stop, but there was no evidence of delay by the officer in performing the roadside tasks associated with issuing the citation and checking Proctor's name with dispatch.

[12] See *McKnight v. State*, 296 Ga. App. 38, 41 (673 SE2d 573) (2009); *Hayes*, 292 Ga. App. at 731 (2) (e); *Macias*, 292 Ga. App. at 227 (1).