## A10A2064. HALL v. THE STATE.
(702 SE2d 483)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of Henry County found Carlos Hall guilty beyond a reasonable doubt of possession of marijuana, OCGA § 16-13-30 (j), and obstructing or hindering a law enforcement officer in the lawful discharge of his official duties, OCGA § 16-10-24 (a). Hall appeals, contending the trial court erred in denying his motion to suppress marijuana that was seized during a consent search of a car in which he was a passenger. In alternative arguments, Hall contends that the arresting officer lacked a valid basis for initiating the traffic stop; that the driver's consent to search was the product of an unreasonably prolonged detention; and that his objection to the search counteracted the driver's consent. For the reasons explained below, we affirm.

> On appeal from a ruling on a motion to suppress, we must construe the evidence most favorably to affirming the trial court's factual findings and judgment. We accept the trial court's factual and credibility determinations unless they are clearly erroneous, and the factual findings will be upheld if they are supported by any evidence. The trial court's application of the law to undisputed facts, however, is subject to a de novo standard of review.

(Citation and punctuation omitted.) *Peterson v. State*, 294 Ga. App. 128, 129 (1) (668 SE2d 544) (2008).

At the hearing on Hall's motion to suppress, the trial court received the following evidence. On July 22, 2008, an officer, who was monitoring southbound traffic on I-75 in Henry County, observed a 2008 Dodge Caliber hatchback traveling at between 60 and 70 mph and following another vehicle at a distance of less than half of a car length. The officer stopped the Caliber for following too closely, a violation of OCGA § 40-6-49. Mark Turner was driving, and Hall was his only passenger. Hall handed the officer a rental agreement for the Caliber, which showed that Kamara Awes rented the car in Florida with a planned return date of July 15, 2008.

As the officer began handling the traffic violation, he had difficulty hearing Turner's responses, because Turner talked under his breath and because of noise from passing traffic. The officer

asked Turner to step out of the car and then asked about his route that day. Approximately four minutes after the beginning of the traffic stop, the officer radioed his dispatcher to verify Turner's license. While the officer waited for a report on the status check, he asked Hall his name and date of birth. Approximately eight minutes after the beginning of the stop, the officer asked Turner for his consent to search the car. Turner gave his consent, and the officer asked Turner and Hall to sit on the guardrail in front of the Caliber while he performed the search. During his search of the back seat, the officer smelled the odor of raw marijuana. The officer raised the back hatch and opened a box that was in the cargo area behind the back seat. He found ten pounds of marijuana that was packaged as a "brick" and encased in plastic. The report on the officer's status check of Turner's driver's license came in about thirteen minutes after the beginning of the stop, about four minutes after the officer began searching the Caliber, and about one minute before he found the marijuana.

After finding the marijuana, the officer told Turner and Hall to place their hands on the car. Hall ran around to the driver's seat, tried unsuccessfully to start the car, and then ran across the highway and into the woods, where he was apprehended.

1. Hall contends that, despite the officer's testimony that he observed the violation of following too closely, the video recording of the traffic stop establishes as a matter of law that there was no traffic violation and, therefore, that the officer had no valid reason to pull the car over.[1] OCGA § 40-6-49 (a) defines the traffic violation of following too closely as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Based on the officer's testimony that his dashboard camera began to record after the truck that Turner had been following too closely had exited, and based on our own review of the recording, we conclude that the video recording of the traffic stop does not establish as a matter of law that the officer did not observe Turner following a vehicle more closely than was reasonable and prudent, having due regard for the vehicles' speeds and the traffic conditions. Because the trial court was authorized to find that the officer observed the violation, and because a brief investigative stop of a vehicle is authorized whenever

---

[1] See *Baker v. State*, 306 Ga. App. 99, 102 (1) (b) (701 SE2d 572) (2010) (A passenger has standing to contest his or her own illegal seizure and detention in connection with a traffic stop and, therefore, to indirectly challenge the search of a vehicle in which he or she had no proprietary interest.).

an officer observes a traffic offense,[2] the court did not err in denying Hall's motion to suppress on this basis. *Proctor v. State*, 298 Ga. App. 388, 390 (1) (680 SE2d 493) (2009) (A traffic stop for following too closely was authorized where an officer observed a motorist driving on an interstate highway approximately one car length away from the vehicle in front of him which led the officer to conclude, based on the speed and traffic conditions, that the motorist could not have avoided a collision if the leading car had braked abruptly.).

2. Hall contends that the officer prolonged the traffic stop beyond the time reasonably required to issue Turner a citation for following too closely and, therefore, that Turner's consent to search was not valid.

"The Fourth Amendment is not violated when, during the course of a valid traffic stop, an officer questions the driver or occupants of a vehicle and requests consent to conduct a search." *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006). The dispositive factor "is not the nature or subject of the officer's questioning, but whether that questioning [takes] place during [an] otherwise lawful detention," such as, in this case, for committing a traffic violation in the officer's presence. Id. In order to pass constitutional muster, the duration of a traffic stop cannot be unreasonably prolonged beyond the time required to fulfill the purpose of the stop. *Sommese v. State*, 299 Ga. App. 664, 668 (1) (683 SE2d 642) (2009). A reasonable time to conduct a traffic stop includes the time necessary to verify the driver's license, insurance, and registration, to complete any paperwork connected with the citation or a written warning, and to run a computer check for any outstanding arrest warrants for the driver or the passengers. Id. at 669 (1) (b).

In this case, it is undisputed that the officer requested and obtained Turner's consent to search before the officer received the verification of Turner's driver's license. Thus, the questioning and request for consent to search occurred before the purpose of the traffic stop was fulfilled. *Salmeron v. State*, 280 Ga. at 737 (1). Nor do we find any basis for concluding that the time that elapsed between the beginning of the traffic stop and the time the officer requested Turner's consent to search, about eight minutes, was inherently unreasonable. Hall's argument that the traffic stop was unlawfully expanded lacks merit. Id. at 737-739 (1).

3. Hall contends that he objected to the search of the Caliber and, therefore, that, even if Turner's consent to search was valid, the

---

[2] *Proctor v. State*, 298 Ga. App. 388, 390 (1) (680 SE2d 493) (2009); *State v. Menezes*, 286 Ga. App. 280, 282 (2) (648 SE2d 741) (2007).

officer lacked authority to search the car. It is undisputed, however, that Hall was not an owner or lessor of the Caliber. Furthermore, it is well settled that Turner, as the driver, had immediate control of the car and, therefore, authority to consent to a search.[3] Nor did the circumstances suggest that Hall had an exclusive interest in the box that would limit the scope of Turner's general consent.[4] Accordingly, Hall's argument that the search was unauthorized because he did not consent fails.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 14, 2010.

*Long D. Vo*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[3] *United States v. Matlock*, 415 U. S. 164, 171-172, n. 7 (94 SC 988, 39 LE2d 242) (1974); *United States v. Eldridge*, 984 F2d 943, 948 (V) (8th Cir. 1993); *United States v. Dunkley*, 911 F2d 522, 526 (11th Cir. 1990); *United States v. Morales*, 861 F2d 396, 399 (III) (3d Cir. 1988).

[4] See *Florida v. Jimeno*, 500 U. S. 248, 251-252 (111 SC 1801, 114 LE2d 297) (1991) (A driver's general consent to search a car for drugs included consent to search a closed paper bag lying on the floor of the car.).