### A11A0493. ARROYO v. THE STATE.
(711 SE2d 60)

MCFADDEN, Judge.

Jose Roland Arroyo appeals his convictions of trafficking in methamphetamine, illegal window tint, and driving without a license. Arroyo contends that under the equal access doctrine the evidence does not support the convictions, that the trial court erred in denying his motion to suppress, and that trial counsel was ineffective. Because we find that the equal access doctrine does not apply, that the trial court properly denied the motion to suppress, and that Arroyo has abandoned his claim of ineffective assistance of counsel, we affirm.

When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that Deputy Matt Gray of the Douglas County Sheriff's Office was monitoring traffic on I-20

when he saw a car with darkly tinted windows driving below the speed limit, and slower than other cars, in the center lane. Gray believed the windows to be tinted illegally. He initiated a traffic stop. Arroyo was driving the car, another man was sitting in the front passenger seat, and a woman was sitting in the back.

Arroyo told Gray that they were coming from the airport. Arroyo handed Gray something that Gray took to be an identification card. Gray took the document and returned to his car to attempt to determine whether Arroyo had a driver's license, to verify the car's tag, and to write a citation for the window tint violation. Gray could not verify that Arroyo had a valid driver's license. Gray returned to Arroyo's car and asked him to exit the vehicle to speak with him while he was completing the citations for the window tint violation and for driving without a driver's license. Gray asked Arroyo why he had gone to the airport, and Arroyo responded that they had dropped off his uncle, who was flying home to Mexico.

Gray returned to Arroyo's car to see if either passenger had a valid license in order to drive the car away. He asked the female passenger, Tina Gamble, for her name and date of birth and asked if they were coming back from the airport. Gamble responded yes, they had been to the airport to pick up Arroyo's cousin who had flown in from Florida, and she pointed to the front seat passenger. Neither Gamble nor the male passenger had a valid driver's license.

Because of the inconsistent explanations and the fact that the car had been moving slowly, Gray called for backup. After another officer arrived, Gray asked Arroyo and Gamble, whom he had verified co-owned the car, for consent to search the car and Gamble's purse. Both gave consent. In the trunk Gray found a plastic container that contained 984.93 grams of methamphetamine.

Gamble, Arroyo, and the male passenger were arrested and taken to the jail where they were interviewed. During her interview, Gamble told the investigator that she had concealed some methamphetamine in her vagina at Arroyo's request. The investigator retrieved what was determined to be 26.4 grams of methamphetamine from Gamble. During his interview, Arroyo admitted that he gave the methamphetamine to Gamble to hide, that he was transporting the larger amount of methamphetamine for another person, and that he had received the smaller amount as payment.

1. Arroyo argues that under the equal access doctrine, the evidence was insufficient to prove that he possessed the methamphetamine found in the car's trunk and thus to support the methamphetamine trafficking conviction. That doctrine is not applicable, however, because the evidence of Arroyo's possession of the meth-

amphetamine included more than his mere possession of the car.

> The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had been recently used by others, applies only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. If there is additional evidence of possession of the contraband by the accused — either circumstantial or direct — other than mere ownership, use, or possession of the vehicle, then an issue is made for the jury.

(Citations and punctuation omitted.) *Evans v. State*, 262 Ga. App. 712, 718 (2) (586 SE2d 400) (2003).

Arroyo's possession of the methamphetamine found inside the trunk of the car was established by evidence besides his mere ownership, use, or possession of the car, including his statement that he was transporting the methamphetamine. Thus, the issue of whether the drugs belonged to Arroyo or one of the other occupants was for the jury's determination, see *Evans v. State*, 288 Ga. App. 103, 105 (1) (653 SE2d 520) (2007), and the evidence was sufficient for a rational trier of fact to find Arroyo guilty beyond a reasonable doubt of trafficking in methamphetamine. OCGA § 16-13-31 (e); *Jackson v. Virginia*, supra.

2. Arroyo argues that because the evidence was undisputed that the document he gave Gray was a valid, international driver's license, he cannot be convicted of driving without a license. In fact, a review of the trial transcript shows that there was no evidence that the document was an international driver's license. Gray characterized the document as an ID. When defense counsel specifically asked Gray whether Arroyo gave him an international driver's license, Gray responded, "Not that I recall." Moreover, Gray was unable to verify that Arroyo had a driver's license. Gray's testimony was sufficient to support the jury's conclusion that Arroyo did not have a valid driver's license. *Keller v. State*, 286 Ga. App. 292, 295 (1) (b) (648 SE2d 714) (2007).

3. Arroyo argues that the trial court erred in denying his motion to suppress because Gray impermissibly extended the duration of the traffic stop. "If a driver is questioned and gives consent while he is being lawfully detained during a traffic stop, there is no Fourth Amendment violation." *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006). If, however, the questioning extends the detention beyond the time it takes to issue a citation, then there is a second detention. Id.

Gray testified at the hearing on the motion to suppress that he asked for Gamble's and Arroyo's consent to search while he was completing the citations for the window tint violation and the driving without a license violation. And at the same time he was asking for Gamble's consent, he was attempting to determine whether Gamble or the male passenger had a valid driver's license since he could not verify that Arroyo had one. Gray's testimony supports the conclusion that he asked for consent to search during the time that he was issuing the citations, and his questioning did not extend the duration of Arroyo's detention. *Salmeron*, supra at 737 (1). See also *Hall v. State*, 306 Ga. App. 484, 486 (2) (702 SE2d 483) (2010).

4. Arroyo asserts that trial counsel was ineffective but he does not support his assertion by citation to the record or argument or even a description of the manner in which he alleges trial counsel's performance was deficient. This enumeration of error, therefore, is deemed abandoned. See *Towry v. State*, 304 Ga. App. 139, 148, n. 7 (695 SE2d 683) (2010); *In the Interest of R. S.*, 287 Ga. App. 228, 232 (2) (651 SE2d 156) (2007); Court of Appeals Rule 25 (c) (2).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 5, 2011.

*Lawrence W. Daniel*, for appellant.
*David McDade, District Attorney, James A. Dooley, Jeffrey L. Ballew, Assistant District Attorneys*, for appellee.