### A11A0944. VARRIANO v. THE STATE.
(718 SE2d 14)

SMITH, Presiding Judge.

After a bench trial, Joseph Patrick Varriano was convicted of possession of oxycodone. He appeals from the judgment of conviction, asserting as his sole enumeration of error that the trial court erred in denying his motion to suppress contraband found in a consent search of the vehicle in which he was a passenger. The evidence supports the trial court's finding that the owner of the vehicle gave consent to a search of the entire vehicle, including closed containers and packages. We therefore affirm.

We must apply three principles when reviewing a trial court's order on a motion to suppress evidence:

> First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation, punctuation and footnote omitted.) *State v. Hester*, 268 Ga. App. 501, 502 (602 SE2d 271) (2004). And on appeal, this court may consider testimony from the trial of the case as well as testimony presented on the motion to suppress. *Postell v. State*, 279 Ga. App. 275, 276 (1) (630 SE2d 867) (2006).

With these principles in mind, the evidence shows that police officers stopped a vehicle in which Varriano was the front seat passenger; a third person was in the rear seat. One of the officers asked the driver for permission to search his vehicle, and the driver consented. On further questioning, the officer specified that he asked "for consent to search the entire vehicle" and that he "asked them if they [had] any weapons or drugs in the vehicle or anything illegal."

During the search, an officer saw "a black book bag" on the rear seat, behind the driver and next to the rear seat passenger. The bag, which was closed, had no label or identifying marks on it. Upon looking inside the bag, the officer found the contraband that is the subject of the motion to suppress. After the contraband was found, the officer asked the driver to whom the bag belonged, and both the driver and Varriano acknowledged that the bag belonged to Varriano.

Varriano contends that the driver's permission extended only to a visual check of the interior of the vehicle and not to any closed containers or bags within the passenger compartment, including the book bag in which he had a "reasonable expectation of privacy." For this reason, he argues that the contraband found in his book bag should be suppressed.

Varriano's argument is foreclosed by our decision in *Taylor v. State*, 230 Ga. App. 749 (1) (e) (498 SE2d 113) (1998). As did the appellant in *Taylor*, Varriano

> argues that any consent by him to search the car did not authorize the officers to open the [container] in which the contraband was found. He cites *State v. Corley*, [201 Ga. App. 320 (411 SE2d 324) (1991) (physical precedent only)], and *State v. Diaz*, 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989). Both cases are distinguishable. In each, the officer asked merely for permission to "look inside" the vehicle. The court held that the extent of the consensual investigation did not extend to the seizure and examination of any items or containers in the car, which would constitute a full-blown search. In this case, as in *Thomas v. State*, 201 Ga. App. 292, 293 (1) (410 SE2d 786) (1991), and *Garcia v. State*, 207 Ga. App. 653, 656 (1) (c) (428 SE2d 666) (1993), the defendant consented to a full-blown search of his automobile. See also *Gossett v. State*, 199 Ga. App. 286, 287 (1) (c) (404 SE2d 595) (1991).

Id. at 751-752 (1) (e) (appellant driver "consented to a search of his vehicle for drugs"; contraband found concealed in folded napkin on

floor between front seats).[1]

In *Hall v. State*, 306 Ga. App. 484, 486-487 (3) (702 SE2d 483) (2010), the officer did not testify that he asked the driver about drugs before asking permission "to search the car," id. at 485, but we concluded that the driver "had immediate control of the car and, therefore, authority to consent to a search." (Citation and footnote omitted.) Id. at 487 (3). The scope of this general consent included containers within the vehicle, such as the closed box in the hatch-back area behind the rear seat in which the contraband was found. Id. And the circumstances did not suggest that Hall, the passenger, "had an exclusive interest in the box that would limit the scope of [the driver's] general consent." Id. This interpretation is consistent with the law on the scope of a search pursuant to probable cause. See, e.g., *State v. Selph*, 261 Ga. App. 541, 543 (583 SE2d 212) (2003) (probable cause to search includes search of "all packages and containers in the car which might contain contraband without a showing of individualized probable cause for each one, including [appellant passenger's] book bag").

Varriano asserts that his expectation of privacy in the book bag excludes it from the scope of the driver's consent, citing *Corley*, supra, and *Bowen v. State*, 210 Ga. App. 348 (436 SE2d 76) (1993). But the trial court found that the general consent to search the entire vehicle, including containers therein, controlled. In light of the evidence presented here, we do not find that conclusion to be clearly erroneous.

*Corley* addressed the passenger's expectation of privacy argument as an issue of standing: "appellee had the requisite reasonable expectation of privacy to contest the legality of this particular search and seizure." Id. at 323. The holding with regard to the scope of the search, in contrast, rested upon the finding that the driver gave permission only for the officer to "look inside of" the pickup truck. We held that the officer exceeded the scope of the consent given by opening a closed bag next to the passenger. Id. at 324.

In *Bowen*, we relied upon *Corley*, without noting its limited precedential status, to find an expectation of privacy in a passenger's purse found next to her on the rear seat, " 'at least to the extent of vesting the passenger or owner with lawful authority to assert a violation of Fourth Amendment rights.' " Id. at 349 (1), citing *Corley*, supra, 201 Ga. App. at 323. But we concluded that, again as in *Corley*, the evidence presented did not show a general or unlimited consent to search. The police officer merely stated that he obtained an

---

[1] We noted in *Taylor* that the passenger's conviction was likewise affirmed in an unpublished opinion. 230 Ga. App. at 749.

unspecified "consent to search." 210 Ga. App. at 349 (1). He also acknowledged that he did not ask for permission to search either the driver's or the appellant passenger's purse, and he did not testify that he informed them that he was looking for drugs or weapons. Id.

This court relied upon that testimony to hold that the evidence should have been suppressed because the officer "admitted that the search of [appellant's] purse was without consent" and the State therefore failed to establish that the search was within the scope of the driver's consent. *Bowen,* supra, 210 Ga. App. at 350. In so holding, we relied upon three cases in which the scope of consent was either invalid or limited to something less than a full-blown search: *Rogers v. State,* 206 Ga. App. 654, 660-661 (4) (426 SE2d 209) (1992) (illegal detention tainted search when appellant not informed of right to refuse consent and never expressly gave consent); *Amato v. State,* 193 Ga. App. 459, 460 (1) (388 SE2d 54) (1989) (consent to request to " 'look[ ] in the passenger compartment, and the things in the passenger compartment' " not consent to disassemble vehicle); *Springsteen v. State,* 206 Ga. App. 150, 152 (424 SE2d 832) (1992) (acquiescence to pat-down of person not consent to cavity search or removal of clothing). *Springsteen* also notes that knowledge of what the officers are looking for should be "factored into the scope of the consent which was . . . given." Id. at 153. See also *Davis v. State,* 297 Ga. App. 319, 321 (677 SE2d 372) (2009) (since officer placed appellant on notice that he was looking for contraband, officer did not exceed scope of consent to "look in" vehicle by searching trunk of car).

Here, in contrast to the officers in *Bowen* and *Corley,* the officer explicitly inquired about the presence of drugs, and he testified that he obtained "consent to search the entire vehicle," which as a "full-blown search" under *Taylor,* supra, 230 Ga. App. at 752 (1) (e), includes closed packages and containers. Construing this evidence in favor of the trial court's findings, as we must, the denial of Varriano's motion to suppress was not clearly erroneous.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED SEPTEMBER 20, 2011 —
RECONSIDERATION DENIED OCTOBER 28, 2011 —

*Scott A. Drake,* for appellant.
*Daniel J. Porter, District Attorney, Charles P. Efstration III, Assistant District Attorney,* for appellee.